Keller *v.* LaBarre, Appellant.

Argued September 17, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

*John D. DiGiacomo*, with him *Edward H. Feege*, and *Teel, Stettz, Shimer & DiGiacomo*, for appellant.

*Robert A. Freedberg*, for appellees.

OPINION BY CERCONE, J., November 16, 1973:

A trespass action arising out of an automobile accident was instituted against defendant in Northampton County, Pennsylvania, by the issuance of summons in trespass served upon defendant's father at the parents' home in that county. Defendant ruled the plaintiff to file his complaint; defendant thereafter filed Preliminary Objections, questioning the validity of the service and the court's jurisdiction over his person. On the

date that service was made, December 20, 1968, the defendant was in the armed services. He had entered the service on May 18, 1966, and had married on May 4, 1968. On the day preceding his marriage he moved his personal belongings from his parents' Northampton County home to the home of his future in-laws in Lehigh County and thereafter resided there. On June 15, 1968 he reported to and was stationed at Fort Meade, Maryland, he and his wife occupying an apartment in nearby Laurel, Maryland. Most of his personal belongings remained at the Lehigh County residence of his in-laws.

Under these uncontradicted facts, defendant contends that at the time of the service of the summons he was not residing in his parents' home. Therefore, he argues, the service upon his father at his parents' residence in Northampton County did not constitute valid service upon him.

The lower court, however, held that a contest by defendant of the jurisdiction over his person was no longer available to him because he had filed a praecipe for, and had secured, a rule against plaintiff for the filing of a complaint. It was the court's view that by such conduct the defendant had recognized the jurisdiction of the court and had thus waived any defect in the service.

Defendant counters, however, that it was necessary for him to so praecipe the plaintiff to file the complaint since that was the only manner in which he could raise the issue of the court's jurisdiction over his person. In so arguing, defendant relies on the decision of *Monaco v. Montgomery Cab Co.*, 417 Pa. 135, 140-141 (1965) wherein the Supreme Court held: "In addition, there is another and more general reason why an objection to venue is not waived by obtaining a rule to file a complaint. Under the Pennsylvania Rules of Civil Procedure the exclusive method by which a party may raise 'jurisdictional' objections is by preliminary objections.

C. E. Williams Co. v. H. B. Pancoast Co., supra at p. 170; Pa. R. C. P. 1017(b), 1028(b), 1032. But preliminary objections may not be filed until after the complaint is filed. This is true even though certain 'jurisdictional' objections may become apparent immediately after service of a writ of summons and before the complaint is filed. The inclusion of preliminary objections in the list of allowable pleadings, Pa. R. C. P. 1017, indicates that it was intended to be a response to a prior pleading; a writ of summons is not a pleading. Also, the Note of Procedural Rules Committee to Rule 1017 states that '[a] preliminary objection may be filed to a complaint, answer, reply or counter-reply,' without mentioning a summons. Moreover, waiting until after the complaint is filed would accord with the policy of the Rules to reduce the pretrial stages of the action, and to telescope the various dilatory actions of the defendant, 1 Goodrich-Amram §1013(b)6, p. 54; Vant v. Gish, 412 Pa. 359, 368, 194 A. 2d 522, 527 (1963), because the objections raised by the writ of summons could be disposed of at the same time as the objections raised by the complaint independently of the writ.

"It has been argued that defendant's evidence in support of his objection to the writ may be weakened if he has to await plaintiff's complaint. The answer to this is that a defendant can, as he did here, force the [plaintiff] to file a complaint within 20 days or suffer non pros.

"Accordingly, since the rules indicate that a preliminary objection cannot be made before a complaint has been filed and since this interpretation is consistent with the policy of the Rules, we hold that a defendant does not waive 'jurisdictional' objections by obtaining a rule to file a complaint."

The lower court held, and the plaintiff contends, that the said *Monaco* decision no longer prevails in that the "Note" of the Procedural Rules Committee referred

508

to in that decision was modified, as of September 1, 1969, to read as follows: "Note of the Procedural Rules Committee.—A preliminary objection may be filed to a complaint, *writ*, answer, reply or counter-reply. Practice under subdivision (b) is similar to the equity practice of raising preliminary objections at one time." However, closer scrutiny of the issue reveals that reference to said Note and Comment of the Committee in the *Monaco* decision did not serve as the basis for the decision but was used only as additional reasoning in support of its holding that a Preliminary Objection can be filed only to a prior pleading, and a writ was not a pleading. The fact that the Note of the Committee was modified to indicate a preliminary objection may be filed to a writ did not and could not amend the text of Rule 1017 which still fails to make a writ of summons a pleading so that a preliminary objection could be made thereto. Therefore the holding of the Supreme Court in the *Monaco* case remains valid. We cannot grant to a mere "note" of the Procedural Rules Committee the legal effect of an amendment which the Committee fails to make in the text of the Rule. We, therefore, find no reason to disturb the continuing governing effect of the *Monaco* decision on the present fact situation.

Having thus determined that the defendant did not, by causing the complaint to be filed, waive his right to contest the court's jurisdiction over his person, the issue remains whether or not valid service had been made. It is our determination that under the uncontradicted facts appearing of record, defendant's residence was not, on the date of service, at the Northampton home of his parents and therefore service upon his father at that home was not service upon defendant within the provisions of Rule 1009(b) of the Pennsylvania Rules of Civil Procedure.

The order of the court below overruling defendant's Preliminary Objections is therefore reversed.