## FAM Brothers Construction Inc. v. Reeser

*Carmen D. Minora,* for plaintiff.
*H. Alan Vican,* for defendants.

O'BRIEN, *J.,* January 22, 1986 — Plaintiff, Fam Brothers Construction Inc., leased certain premises

to defendants, William Reeser, Arthur Geist and Roy Reeser, t/a Time Saver Markets, pursuant to a lease agreement. A dispute arose between the parties which was tentatively resolved between their respective counsel. The terms upon which the dispute was resolved were memorialized in a letter but not in any formal agreement. Pursuant to the terms agreed upon by their respective counsel, plaintiff obtained a judgement in an amicable action of ejectment on June 7, 1984. Attached to plaintiff's brief in this case is a letter from the district magistrate to defendants notifying them of the entry of the judgement. However, there is no record of any notification being provided to defendants' counsel. Defendants claim that they did not receive notice of the judgement until August 1, 1984.

On August 24, 1984, defendants filed a notice of appeal from the district magistrate's decision in the Court of Common Pleas of Monroe County and a praecipe to enter a rule to file a complaint. A rule was entered by the prothonotary. On August 28, 1985, plaintiff filed preliminary objections in the nature of a motion to strike defendants' notice of appeal because it was untimely filed. The preliminary objections are now before the court for disposition.

Rule 1017 of the Pennsylvania Rules of Civil Procedure provides as follows:

"(a) The pleadings in an action are limited to a complaint, an answer thereto, a reply if the answer contains new matter or a counterclaim, a counter-reply if the reply to a counterclaim contains new matter, a preliminary objection and an answer thereto.

(b) Preliminary objections are available to any party and are limited to

(1) a petition raising a question of jurisdiction or venue or attacking the form or service of a writ of summons;

(2) a motion to strike off a pleading because of lack of conformity to law or rule of court or because of scandalous or impertinent matter;

(3) a motion for a more specific pleading;

(4) a demurrer, which may not include the bar of a statute of limitations or frauds; and

(5) a petition raising the defense of lack of capacity to sue, pendency of a prior action, nonjoinder of a necessary party or misjoinder of a cause of action.

(c) No formal joinder of issues is required.

It is clear from reading Rule 1017 that plaintiff's preliminary objections are not an appropriate response to defendants' notice of appeal. A notice of appeal is not a "pleading" as defined by Rule 1017 (a). Preliminary objections may not be filed until after a complaint has been filed. The inclusion of preliminary objections in the list of allowable pleadings clearly indicates that it was intended to be a response to a prior pleading. A notice of appeal is not a pleading. Monaco v. Montgomery Cab Co., 417 Pa. 135, 208 A.2d 252 (1965); Keller v. LaBarre, 225 Pa. Super. 504, 311 A.2d 683 (1973); Hoeke v. Mercy Hospital of Pittsburgh, 254 Pa. Super. 520, 386 A.2d 71 (1978). Therefore, plaintiff's preliminary objections are not a proper pleading at this stage and must be dismissed.

Although the timeliness of defendants' notice of appeal is not properly before the court, it should be noted that Rule 514 (c) of the Rules of Civil Procedure governing actions and proceedings before district justices provides as follows:

". . . the District Justice shall promptly give written notice of the Judgement to any party to whom it was not publicly announced at the hearing, but if

that party has an attorney of record named in the complaint form, *the written notice shall be given to the attorney instead of the party.*" (Emphasis supplied.)

The pleadings and briefs presently before the court do not indicate notice being provided to defendants' counsel.

## ORDER

And now, this January 22, 1986, plaintiff's preliminary objections are dismissed and plaintiff is given 20 days from the date of this order within which to file a complaint in response to the rule to file a complaint entered by the prothonotary on August 24, 1984.