583 A.2d 1213

Deborah STOLTZ and Aloysius Stoltz, h/w, Appellants,

v.

DATASCOPE CORPORATION and Waterloo Industries Inc. and Mastrin and Mastrin Architects PC a/k/a Philip Mastrin Aia Architect and Associates PC TN Ward Company a/k/a Frank H. Wilson Co. and Williard Inc.

v.

ROY LARRY SCHLEIN AND ASSOCIATES and Day and Zimmerman and Associates.

Superior Court of Pennsylvania.

Argued March 2, 1989.

Filed Dec. 18, 1990.

474

Lee Belfer, Philadelphia, for appellants.

Patricia A. Harper, Philadelphia, for Datascope, appellee.

Before CIRILLO, President Judge,[1] and DEL SOLE and HOFFMAN, JJ.

1. This case was originally heard by a panel consisting of Del Sole, Melinson, and Hoffman, JJ. While the case was pending in the

HOFFMAN, Judge:

This case is before us on remand from our Supreme Court and concerns the opening of a default judgment. Appellants contend that the court below abused its discretion in opening the default judgment because (a) appellee failed to take depositions in accordance with Pa.R.Civ.P. 209 and specific court order, and (b) when the petition to open and appellants' answers are considered in light of Rule 209, appellee failed to establish a reasonable excuse for its failure to file an answer to the complaint. In a Memorandum filed May 31, 1989, we remanded to the court below to file a supplemental opinion explaining its reasons for not insisting on compliance with Rule 209.[2] Before the supplemental opinion was filed, however, our Supreme Court amended Rule 311 of the Rules of Appellate Procedure, and *Palermo v. Bowers*, 388 Pa.Super. 49, 564 A.2d 996 (1989), was decided. In light of *Palermo*, we determined that we could not reach the merits, and thus we entered an order on November 16, 1989, quashing the appeal.[3] Our Supreme Court granted allowance of appeal, and on August 7, 1990, issued a per curiam order vacating our quashal. In its per curiam order, the Supreme Court stated that:

> [a]pplication of Pa.R.A.P. 311(a)(1), as amended March 31, 1989, effective July 1, 1989, to this case is not 'just and practicable,' especially in view of the time and money

Supreme Court of Pennsylvania, Judge Melinson's appointment expired. President Judge Cirillo has replaced Judge Melinson on this panel.

**2.** The Honorable Joseph A. Del Sole dissented from this Memorandum.

**3.** The amendment to Pa.R.A.P. 311(a)(1), effective July 1, 1989, in relevant part, reads as follows:

> (a) ... an appeal may be taken as of right from:
> (1) *Affecting Judgments.* An order refusing to open, vacate or strike off a judgment. If orders opening, vacating, or striking off a judgment are sought in the alternative, no appeal may be filed until the court has disposed of each claim for relief.

Thus, under the new Rule, an order which opened a judgment is not appealable as of right. *Palermo* held that the amended rule "applies to all cases pending on appeal on the effective date unless to deny review would result in the irrevocable loss of a litigants's [sic] rights." 388 Pa.Super. at 53, 564 A.2d at 998.

expended by the petitioners in filing, briefing, and arguing their appeal before the effective date of the amended rule, indeed before the amended rule was even published. *See* Per Curiam Order at 1.

In light of the Supreme Court order, we have reexamined the case on the merits, and for the reasons set forth below, we find that the court abused its discretion in opening the default. Accordingly, we vacate the order and reinstate the default judgment.

The facts related to the litigation below were summarized in our May 31, 1989 Memorandum as follows:

On or about October 5, 1983, appellant-wife sustained injuries while using a product that had been designed and manufactured by appellee. On September 30, 1985, appellants filed their complaint and on October 7, they served the complaint on appellee. In the meantime, appellants had ascertained the identity of additional defendants, and on October 4, 1985, they instituted by writ of summons a second suit against both the original and the newly identified defendants. On November 26, appellants filed their complaint in the second action. Appellee was served with a copy of the complaint on December 2, 1985.

Thereafter, on December 31, 1985, appellants and general counsel for appellee reached an agreement to extend until January 17, 1986, the time for filing an answer to the complaint in the second action. On January 23, appellants filed a praecipe for entry of default judgment against appellee. A little over a month later, on February 27, local counsel for appellee entered his appearance and filed a petition to open the default judgment. On March 25, appellants filed their answer to the petition to open. [One month later,] the court below, by the Honorable Thomas A. White, issued an order directing appellee to take depositions in accordance with Pa.R.Civ.P. 209 by May 27, 1986. The court further noted that "[s]hould petitioner [appellee] fail to file such depositions, all averments of fact properly pleaded in the Answer shall be

deemed admitted." Lower Court Order, [April] 25, 1986 (entered [April] 29, 1986).

Memorandum, May 31, 1989 at 1–2 (footnotes omitted). Although appellee failed to comply with Rule 209 and the court's order, no action was taken in the suit for almost two years. On July 11, 1989, the Honorable Samuel Lehrer granted appellee's petition to open. This appeal followed.

■ Appellants contend that the court below abused its discretion in opening the default judgment because appellee failed to take depositions in accordance with Pa.R.Civ.P. 209 and Judge White's prior order. Appellants also argue that when Rule 209 is properly applied, it is clear that appellee failed to establish a reasonable excuse for its failure to answer the complaint. We agree. Pa.R.Civ.P. 209 states:

If after filing and service of the answer, the moving party does not within fifteen days:

(a) Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact; or

(b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule); the respondent may take a rule as of course on the moving party to show cause why he should not proceed as above. *If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the respondent may order the cause for argument on petition and answer, in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule.*

*Id.*

Here, on April 25, 1986, a month after appellants filed their answer to the petition to open, Judge White ordered appellee to take depositions in accordance with Rule 209 and

to file them with the court by June 27, 1986.[4] Appellee failed to comply with this order. On July 1, 1986, appellants filed a supplemental memorandum of law in response to appellee's petition to open.[5] In this memorandum, appellants requested that the petition to open be denied because appellee had not taken or scheduled depositions as required by Judge White's April 25, 1986 order. Approximately two years later,[6] appellee scheduled depositions of appellant-wife but she did not appear. Appellee filed a motion for sanctions against appellant-wife along with a motion to compel her to appear for depositions.[7] On March 4, 1988, the Honorable Bernard J. Avellino granted the motion and ordered that appellant-wife "be produced for deposition within sixty days" and awarded appellee's counsel attorney fees "for time spent preparing for this motion." Order, March 4, 1988 (docketed March 9, 1988). There was no further action in the case until four months later, when, on July 11, 1988, Judge Lehrer granted appellee's petition to open. On the July 11 order, Judge Lehrer noted, "[d]epositions unnecessary. Plaintiff's counsel acted precipitously in taking default."

Judge Lehrer concluded that Rule 209 depositions were unnecessary because nothing indicated that depositions would provide support for the facts alleged in appellants' answer to the petition. The difficulty with this disposition is that it is completely at odds with the operation of Rule 209. Under the Rule, appellee's failure to comply operates as an admission of all properly pleaded facts in appellants' answer to the petition to open, *see* Pa.R.Civ.P. 209(b), and, if all properly pleaded facts in appellants' answer are accepted

4. It is unclear why Judge White allowed appellee to take depositions rather than deeming appellants' answers admitted as required by Rule 209.

5. This memorandum was time-stamped and included in the record but was not entered on the docket.

6. The record contains no explanation as to why no further action was taken for almost two years.

7. In this petition, appellee alleged that "[d]efendant will be greatly prejudiced if it is forced to litigate without deposing the plaintiff." Motion, March 4, 1989 (docketed March 9, 1988) at 2.

as true, it is clear that appellee failed to satisfy the prerequisites to opening a default judgment.

It is well-settled that before a court can exercise its discretion to open a default judgment, the party seeking to open the judgment must (1) promptly file a petition to open, (2) state an adequate excuse why a timely answer was not filed, and (3) show a meritorious defense. *Cross v. 50th Ward. Comm. Ambulance Co.*, 365 Pa.Super. 74, 78, 528 A.2d 1369, 1371 (1987) (citations omitted). These three criteria must be met and coalesce before a default judgment will be opened. *Id.* Furthermore, because the weighing of these elements depends on equitable considerations, the decision to open a judgment rests on the particular facts of each case. *DiNardo v. Central Penn Air Serv. Inc.*, 358 Pa.Super. 75, 80, 516 A.2d 1187, 1189 (1986); *see also McPherson v. Tube City Taxicab Co.*, 321 Pa.Super. 144, 467 A.2d 1170 (1983). A court reviewing the opening of a default has a limited scope of review because such decision is addressed to the equitable and discretionary powers of the court. The reviewing court will not disturb the trial court's ruling on appeal absent a manifest abuse of discretion or error of law. *Davis v. Burton*, 365 Pa.Super. 160, 529 A.2d 22 (1987), *allocatur denied*, 518 Pa. 655, 544 A.2d 1342 (1988).

In the case at bar, it is undisputed that the petition was promptly filed and that appellee alleged a meritorious defense.[8] Thus, the only issue this court must consider is whether the lower court erred in finding that there was a reasonable excuse for appellee's failure to file an answer to appellants' complaint within the prescribed time.

In its petition to open, appellee alleged that (a) appellants did not provide it with the requisite ten days notice of intent to take default in accordance with Pa.R.Civ.P. 237.1, and (b)

8. We note that in light of the United States Supreme Court decision in *Peralta v. Heights Med. Centers, Inc.*, 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988), it is unclear how specific a petition must be in alleging a meritorious defense. Here, because appellee alleged a meritorious defense, we need not address the impact of *Peralta* on this case.

it did not realize that the documents it received on December 2, 1986 were related to a separate suit and required an answer. *See* Petition to Open Judgment, February 27, 1986 at 2. If appellee were able to prove these allegations, we would have no choice but to affirm the order below. As we noted in *Instapak v. Weisbrod Lamp & Shade*, 248 Pa.Super. 176, 374 A.2d 1376 (1977):

> *[i]f appellee had proved these allegations,* and *if the lower court had found on the basis of them* that appellee had a reasonable excuse for having failed to file an answer ..., we should not reverse, for the decision to grant a petition to open a judgment is within the sound discretion of the lower court and will not be reversed absent a mistake of law or abuse of discretion.... The difficulty is, however, that appellee did not prove its allegations.

*Id.*, 248 Pa.Superior Ct. at 179–80, 374 A.2d at 1377–78 (emphasis added); *see also Lazzarotti v. Juliano*, 322 Pa. Super. 129, 135–36, 469 A.2d 216, 219 (1983); *Getzik v. Spiegel*, 280 Pa.Super. 175, 177, 421 A.2d 462, 463 (1980); *Arthurs Travel Center, Inc. v. Alten*, 268 Pa.Super. 330, 334 n. 1, 408 A.2d 490, 492 n. 1 (1979). Here, as in *Instapak*, the petitioner failed to prove that it had a reasonable excuse.

Appellee's allegations regarding its excuse were not uncontradicted. Appellants filed an answer to the petition to open and specifically denied that they had failed to comply with Pa.R.Civ.P. 237.1 and that appellee's counsel had any mistaken belief about the suit at bar. In regard to whether notice was sent, appellants averred that their counsel had an agreement with appellee's general counsel to provide appellee with an extension of time to obtain local counsel and answer the complaint. Appellants maintained that, when the extension date had passed and no answer had been filed, they attempted to contact appellee's general counsel by phone to question him about the matter, but appellee's counsel did not return their calls.[9] It was not

9. The answer thus seems to contradict the lower court's statement in its supplemental opinion that "[t]here is no indication that depositions

until six days after the extension deadline passed that the default judgment was entered. *See* Answer to Petition to Open Judgment filed March 25, 1986 at 1–2. Because the parties disputed whether appellee had properly been notified and whether appellee realized that the suit was separate, it was incumbent on the court below to make a finding about which version of the facts was accurate. *See Instapak, supra.* It is at this point that appellee's failure to file 209 depositions becomes crucial. As we noted above, the effect of a failure to file is that all properly pleaded facts in the answer are deemed admitted. Here, considering, as we must, appellants' properly pleaded facts as admitted, it is clear that appellee failed to establish a reasonable excuse.

First, there is no doubt that notice was in conformity with the Rules of Civil Procedure. Rule 237.1 states in relevant part that:

> [n]o judgment by default shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against whom judgment is to be entered and to his attorney of record, if any, after the default occurred and at least ten days prior to the date of filing of the praecipe. *If a written agreement for an extension of time specifies a time within which the required action must be taken and a default occurs thereafter, judgment by default may be entered by the prothonotary without prior notice under the rule.* A copy of the notice or agreement shall be attached to the praecipe.

*Id.* at 237.1(a). Here, because a written agreement for an extension existed, appellant had no further duty to give appellee ten days notice before seeking to enter the default.

Second, the properly pleaded facts in appellants' answer also contradict appellee's claim that it mistakenly believed that the December 2 complaint was part of a prior litigation.

would establish counsel for moving party telephoned to advise that the deadline had passed...." Supplemental Opinion, August 18, 1989 at 2.

Appellants noted in their answer that the captions on the two suits were different and that appellee had separate service in the second suit. Thus, appellee should have been aware of the separate suit and the need for counsel to file an answer to appellants' complaint. Moreover, attached to appellee's petition to open is a letter from counsel in the earlier suit which states, "I am aware that a companion action has been filed." Petition to Open Default Judgment, Exhibit D. In short, aside from appellee's allegations, there is nothing to contradict the properly pleaded answers in appellants' response to the petition to open.

In summary, it appears that at the time the lower court granted the petition to open, it decided that depositions were unnecessary and inexplicably accepted appellee's version of the facts rather than appellants' version. Because the burden was on *appellee* to support his allegations of fact by depositions, *see* Pa.R.Civ.P. 209(b), and because appellee did not do so, the lower court's decision not to accept appellants' properly pleaded answers as true was plain error. Therefore, we conclude that the lower court abused its discretion in granting the petition to open. Accordingly, we reverse the order of the lower court and reinstate the default judgment against appellee.

Order reversed. Default judgment reinstated.

DEL SOLE, J., files a dissenting opinion.

DEL SOLE, Judge, dissenting.

I must dissent. At the time this case was filed, there existed another civil action between the Appellants and Appellee. Further, that case, 5114 September Term, 1985, was pending at the time the default was entered in this matter. Also, that case was actively being litigated. Almost three months after the default in this case, the previous lawsuit was discontinued by the Appellants. I would find that the trial court did not abuse its discretion by opening the default judgement, where a companion case was pending at the time of the default involving the same

parties, and where that case was being actively litigated. For this reason, I dissent.