621 A.2d 156

**Roy E. BALL, Sr. and Virginia L. Ball, Individually and as Administrators of the Estate of Roy E. Ball, Jr., a minor, deceased**

v.

**Jeffrey M. BARBER, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 7, 1993.

Filed March 8, 1993.

Gregory S. Olsavick, Altoona, for appellant.

John P. Pietrovito, Muncy, for appellees.

Before WIEAND, OLSZEWSKI and HESTER, JJ.

HESTER, Judge:

Jeffrey M. Barber appeals from the June 19, 1992 order denying his preliminary objections to the complaint filed in this action. He contends that the trial court erred in two respects: rejecting his allegations that it lacked personal jurisdiction over him due to improper service of initial process, and in determining that he waived his objection to jurisdiction.[1] We affirm.

The record establishes the following. Appellees, Roy E. and Virginia L. Ball, individually and as administrators of the estate of their deceased son, Roy E. Ball, Jr., instituted this action on August 26, 1991, by praecipe for writ of summons against appellant. The writ was served personally on appellant's mother, an adult individual, at her residence on Bridge Street in Roaring Branch, Pennsylvania. On October 21, 1991, an attorney entered an appearance on behalf of appellant. He then conducted discovery by obtaining Roy Jr.'s school records and aptitude test results.

On March 20, 1992, appellees filed their complaint, which contains the following allegations. On February 25, 1991, at approximately 9:00 p.m., Roy Jr., who was fifteen years old, was crossing the street at the intersection of State Route 14

---

1. In accordance with Pa.R.A.P. 311(b)(1), appellees-plaintiffs filed, within ten days after entry of the order, an election that it be deemed final.

and Route T–898 in Ralston, McIntyre Township. An automobile driven by Audrey Schanbacher was approaching the intersection, and she either slowed her car or stopped it to allow Roy Jr. to cross the street. Appellant was approaching the Schanbacher vehicle from the rear in a pick-up truck. Instead of stopping behind the car, he passed it by crossing over a double yellow center line into the lane of oncoming traffic. Appellant's vehicle struck Roy and killed him.

On April 9, 1991, present counsel entered his appearance and filed preliminary objections, contending that appellant was not served properly at his mother's address since he no longer resided with her when the writ was served. Appellees filed an answer to the preliminary objections. The following was established through discovery.

At the time that the writ was served upon appellant's mother, Joanne Graham, both Graham and appellant received mail at P.O. Box 32, Roaring Branch, Pennsylvania. Appellant admitted that he gave this to the Pennsylvania Department of Transportation as his residence for purposes of his driver's license and vehicle registration.

P.O. Box 32 actually was rented from the postal service only by Mrs. Graham. The service address that corresponded to the post office box number was Mrs. Graham's residence. From 1988 until the time that he was deposed, appellant received through his mother's post office box all mail regarding his driver's license and registration at P.O. Box 32. Additionally, appellant's federal and state tax forms and insurance information for his vehicle were mailed to P.O. Box 32 and received by him. Mrs. Graham gave appellant the writ of summons in this action, and he forwarded it to his insurer.

At the relevant time, however, appellant was sleeping in the home of his aunt and uncle. He did not pay rent but performed household chores for them. He slept on their sofa and kept the majority of his personal belongings there. He also received mail at that house. While appellant testified that he considered his home to be at Jamison Avenue, where his aunt and uncle resided, he never informed the Pennsylvania Department of Transportation of this fact.

■ 75 Pa.C.S. § 1510(a) requires a driver's license to contain a driver's resident address. 75 Pa.C.S. § 1515 provides that a driver must notify the Pennsylvania Department of Transportation with written notice of any change in residence. In *Miller v. Carr*, 221 Pa.Super. 306, 292 A.2d 423 (1972), which is dispositive of the instant case, we held that service of process upon the defendant at the address listed on his driver's license and vehicle registration constituted proper service despite the claim that the defendant did not reside at that address.

In the present case, appellant's official address for purposes of 75 Pa.C.S. § 1510(a) was P.O. Box 32. The service address for that post office box was his mother's residence at Bridge Street in Roaring Branch. Appellant admits that he resided with his mother prior to the relevant period. He never changed his resident address with the Pennsylvania Department of Transportation. Moreover, he actually received the writ of summons. He cannot now complain that service was defective.

Appellant's reliance on *Keller v. LaBarre*, 225 Pa.Super. 504, 311 A.2d 683 (1973), and *Frycklund v. Way*, 410 Pa.Super. 347, 599 A.2d 1332 (1991), is misplaced. Neither case discusses whether service is proper at the unchanged resident address given under 75 Pa.C.S. § 1510(a). Further, in both cases, the uncontroverted facts established that the defendants no longer resided with their parents, upon whom service was perfected. In the present case, appellant admittedly continued to receive mail through his mother and kept some of his belongings at her house. Finally, neither *Keller* nor *Frycklund* discusses the issue raised herein, which is whether service is proper to the address given initially to the department of transportation by the defendant as his residence where the defendant has failed to comply with Pa.C.S. § 1515. In this case, we conclude that service on such address was proper.

■ We also concur in the trial court's analysis of the waiver issue. Once a party takes action on the merits of a case, he waives his right to object to defective service of

process. *O'Barto v. Glossers Store, Inc.*, 228 Pa.Super. 201, 324 A.2d 474 (1974); *compare Keller v. LaBarre, supra* (where defendant rules plaintiff to file a complaint, objection to jurisdiction is not waived since that is not action on merits and jurisdiction can be raised only by preliminary objections to the complaint). In the present case, the record contains a notice of deposition filed by appellant relating to the decedent's school records. Those records have no relevance to the issue of whether appellant was properly served and could have been requested only in connection with the merits of the damages portion of this action relating to damages. Thus, appellant waived his claim regarding improper service of process.

Order affirmed.