# Kennedy v. Spiegel

*Kenneth J. Benton,* for plaintiff.
*Gary P. Lightman,* for defendant.

NICHOLAS, *P.J.,* September 6, 1995—This opinion is necessitated by defendant Spiegel's appeal to the Superior Court of Pennsylvania from our order dated July 5, 1995 which denied Spiegel's petition to set aside default judgment.[1] This opinion explains that although service of original process, complaint, was by publication more than 30 days after the complaint was filed, Spiegel consented to this court's exercise of in personam jurisdiction or waived his right to argue that the service was defective.

Kennedy and Spiegel were shareholders in Cambridge Financial Group, a closely held Pennsylvania corporation. Kennedy decided to divest himself, and the two business associates reached an agreement, reduced to writing on April 20, 1990, by which Kennedy promised to assign his ownership interest, and Spiegel promised to pay cash on July 20, 1991. Kennedy assigned his ownership interest, but Spiegel made no payment. Kennedy filed a complaint on May 25, 1994 and directed the Sheriff of Montgomery County to serve Spiegel

---

[1]. Defendant Bogdanoff was not involved in the proceedings before this court. Bogdanoff defaulted after service of the complaint, but Kennedy came to believe that Bogdanoff was insolvent and thus failed to praecipe for default judgment.

with a copy of the complaint at Spiegel's residence, located at 1333 Fair Acres Road, Rydal, Pennsylvania. The sheriff returned the order for service on June 30, 1994 which contained servers' notations showing 10 unsuccessful attempts to serve process, including two at 7:30 a.m., one at 8 p.m, and one at 8:45 p.m. The servers' notations also showed that Spiegel's house was listed for sale with realtors Lam & Buchsbaum, that the kitchen light was on during the 8:45 p.m. attempt, and that a red Honda automobile was parked at the property on at least one occasion.

Upon receipt of the returned order for service, Kennedy attempted to learn where and when Spiegel could be served. He confirmed that the Rydal address was, in fact, Spiegel's residence by contacting directory assistance, the postal service, the Montgomery County Recorder of Deeds, and the lawyer assessment division of the Administrative Office of Pennsylvania Courts. Kennedy then sent a certified letter to the Rydal address requesting an alternate time and place where service could be made, but this letter was returned by the postal service marked "Returned to sender—refused." Kennedy learned Spiegel's place of business by again contacting the AOPC. He was told that Spiegel worked at American Financial Services Incorporated, and that his business phone number was 215-885-8200. When Kennedy called this number, an answering machine told him that the company had been renamed American Commercial Capital Corporation. Kennedy left a message requesting Spiegel return the call, but Spiegel made no response. Finally, Kennedy contacted directory assistance to learn Spiegel's business address but was told that there was no area listing for either of the two company names. Upon these facts, the Honorable Stanley R. Ott, of this court, granted Kennedy's petition

for allowance to serve process by publication, by order dated August 3, 1994.[2] Kennedy then caused appropriate notice to be published on August 10, 1994, in the *Times Chronicle-Glenside News,* and on August 18, 1994, in the *Montgomery County Law Reporter.*

Spiegel filed no response to the complaint and, on September 28, 1994, pursuant to Pa.R.C.P. 237.1, Kennedy mailed notice of his intent to take default judgment to the Rydal address. On October 13, 1994, Spiegel telephoned Kennedy to negotiate a settlement, and Kennedy assured Spiegel that the entry of default judgment will not preclude future negotiation. Later that same day, Kennedy praeciped for default judgment, and the prothonotary entered default judgment in the amount of $100,599.01[3] and mailed notice of entry of judgment.

Kennedy thereafter wished to engage in discovery in aid of execution. Accordingly, he mailed interrogatories and requests for the production of documents to Spiegel on November 2, 1994. Kennedy then praeciped for a writ of execution on November 17, 1994 which was issued the same day. On November 23, 1994, Brad Cooper, Esquire, entered his appearance on behalf of Spiegel. Then, on December 22, 1994, Spiegel voluntarily responded to Kennedy's discovery

2. Kennedy had petitioned earlier for allowance to serve process by publication. This earlier petition was denied by the Honorable William R. Carpenter, of this court, on July 26, 1994, because the facts at that time indicated that Kennedy made no effort to learn Spiegel's whereabouts beyond writing a first-class letter requesting a time and place for service of process.

3. The amount of Kennedy's judgment was increased to $163,712.88 after this court granted Kennedy's petition to amend judgment to assess pre-judgment interest by order dated July 5, 1995. Spiegel does not challenge on appeal our decision to allow the inclusion of pre-judgment interest.

requests by filing, with this court, substantive answers to the interrogatories and the documents requested.

Spiegel then obtained new counsel, Gary P. Lightman, Esquire, who entered his appearance on January 25, 1995. Spiegel filed his petition to set aside default judgment on February 14, 1995, arguing that defective service of process deprived this court of in personam jurisdiction. Spiegel argued that service of process was defective in two ways; first, because Spiegel "maintained and still maintains a residence at [1333 Fair Acres Road, Rydal, Pennsylvania]," petition to set aside default judgment, ¶8, and second, because the final notice was not published within 30 days of the filing or reinstatement of the complaint. Kennedy filed his answer arguing that Spiegel waived his right to object to defective service when he answered the discovery requests in aid of execution.

The undersigned denied Spiegel's petition to set aside default judgment by order dated July 5, 1995. Spiegel timely filed his notice of appeal and concise statement of matters complained of on appeal.

## DISCUSSION

This court properly denied Spiegel's petition to set aside default judgment. "A petition to strike a judgment may be granted only where a fatal defect in the judgment appears on the face of the record." *U.K. LaSalle Inc. v. Lawless,* 421 Pa. Super 496, 499, 618 A.2d 447, 449 (1992). Although service by publication was not within 30 days of the filing of the complaint, Spiegel consented to this court's exercise of in personam jurisdiction or waived his right to argue that the service was defective.

"A court must acquire jurisdiction before it may exercise it, and such acquisition of jurisdiction is generally

accomplished by the service of process." 62B Am.Jur. 2d, Process §4. Thus, defective service of process generally requires the striking of a default judgment. See *e.g., U.K. LaSalle Inc., supra* (default judgment stricken where there was no valid service of process). However, effective service of process is not the only means by which a court acquires in personam jurisdiction since in personam jurisdiction may be obtained through waiver or consent. *Cox v. Hott,* 246 Pa. Super. 445, 450, 371 A.2d 921, 923 (1977). A defendant manifests the intent to submit to the court's jurisdiction when the defendant takes "some action (beyond merely entering a written appearance) going to the merits of the case, which evidences an intent to forego objection to the defective service." *Cathcart v. Keene Industrial Insulation,* 324 Pa. Super. 123, 135, 471 A.2d 493, 499 (1984).

Here, Spiegel advanced two arguments to show that service of process was defective. Spiegel argued, first, that this court should never have permitted Kennedy to serve process by publication when "no provision was made for actual delivery of the complaint to defendant or for other notification of service." Concise statement, ¶1(ii). We disagree. Service by publication is permissible when a plaintiff's good faith effort to learn where and when a defendant can be personally served is unavailing. Pa.R.C.P. 430(a), 42 Pa.C.S.[4] See also, *Romeo v. Looks,* 369 Pa. Super. 608, 616, 535

---

4. *"Rule 430. Service pursuant to special order of court. Publication*

"(a) If service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made."

A.2d 1101, 1105 (1987) (a method of substituted service is reasonably calculated to give actual notice depending upon "what is reasonable under the circumstances, considering the interests at stake and the burdens of providing notice"), *appeal denied, Appeal of Looks,* 518 Pa. 641, 542 A.2d 1370 (1988), *appeal denied,* 518 Pa. 642, 542 A.2d 1370 (1988). Kennedy located Spiegel's residence and made a good faith, albeit unsuccessful, attempt to locate Spiegel's business address. When Kennedy mailed the certified letter, and when he requested a return call, he acted reasonably under the circumstances. The servers' notations, together with Spiegel's failure to respond to all attempts to contact him, strongly imply that Spiegel was avoiding service. This court correctly ruled that Kennedy was entitled to grant of his petition for allowance to serve process by publication.

Spiegel argued, second, that service of process was defective because "the complaint was served more than 30 days after filing and the complaint had not been reinstated." Concise statement, ¶1(i). We agree. The second publication was made 85 days after the filing of the complaint. Since this was not service within the Commonwealth within 30 days of the filing or reinstatement of the complaint, Kennedy's attempt to serve process by publication was untimely and therefore insufficient to confer in personam jurisdiction. Pa.R.C.P. 401(a), 42 Pa.C.S. and its note.[5] See *Fox v. Thompson,* 377 Pa. Super. 39, 45, 546 A.2d 1146, 1149 (1988)

---

5. *"Rule 401. Time for service. Reissuance, reinstatement and substitution of original process. Copies for service*

"(a) Original process shall be served within the Commonwealth within 30 days after the issuance of the writ or the filing of the complaint. . . .

("service made after the expiration of the 30 days may be considered void, . . ."). (emphasis omitted) Ordinarily, this defective service of process would have required the striking of Kennedy's default judgment. But see 62B Am.Jur.2d, Process §117 ("Service by publication need not be completed within time limits imposed by a rule requiring that service upon a defendant be completed within a specified number of days after the filing of the complaint" citing *Meyer v. Meyer,* 148 Vt. 65, 528 A.2d 749 (1987)).

However, Spiegel consented to this court's exercise of in personam jurisdiction or waived his right to argue that the service was defective. We found instructive the case of *Ball v. Barber,* 423 Pa. Super. 358, 621 A.2d 156 (1993). In *Ball,* the plaintiffs served the writ of summons, and the defendant requested school records and aptitude test results from a third party. The plaintiffs then filed their complaint, whereupon the defendant hired new counsel and filed preliminary objections contending that service was defective. The Superior Court

---

"(b)(1) If service within the Commonwealth is not made within the time prescribed by subdivision (a) of this rule . . ., the prothonotary upon praecipe and upon presentation of the original process, shall continue its validity by reissuing the writ or reinstating the complaint, by writing thereon 'reissued' in the case of a writ or 'reinstated' in the case of a complaint.

"(2) A writ may be reissued or a complaint reinstated at any time and any number of times. . . .

"(4) A reissued [or] reinstated . . . writ or complaint shall be served within the applicable time prescribed by subdivision (a) of this rule . . . after reissuance [or] reinstatement. . . .

"Note: If the applicable time has passed after the issuance of the writ or the filing of the complaint, the writ must be reissued or the complaint reinstated to be effective as process. . . ."

held that the defendant consented to in personam jurisdiction because the documents requested had "no relevance to the issue of whether appellant was properly served and could have been requested only in connection with the merits of the damages portion of this action relating to damages." *Id.* at 362, 621 A.2d at 158. From *Ball* it follows that the intent to waive may be inferred from any act unrelated to contesting in personam jurisdiction. Compare *Keller v. LaBarre,* 225 Pa. Super. 504, 311 A.2d 683 (1973) (the act of ruling a plaintiff to file a complaint is not an action on the merits when it is a step toward challenging in personam jurisdiction). Here, Spiegel voluntarily filed substantive responses to Kennedy's discovery requests knowing that default judgment had been entered against him. Spiegel's act of responding to Kennedy's discovery requests was unrelated to the issue of in personam jurisdiction and cannot be construed as an attack on the validity of the judgment. Very much to the contrary, Spiegel's act evidenced an intent to forego objection to the defective service and was thus on the merits. Spiegel consented to in personam jurisdiction.

Spiegel argues on appeal that "defendant took no affirmative acts in the action constituting acceptance of personal jurisdiction or waiver of defective service of process." Concise statement, ¶1(iv). He thus argues that the act of answering the discovery requests was not enough to evidence an intent to forego objection to the defective service. We disagree. Spiegel failed to present to this court any authority standing for the proposition that a judgment debtor can answer discovery requests in aid of execution and afterwards attack the judgment as having been entered without in personam jurisdiction.

Spiegel advances an argument on appeal separate from the jurisdictional issues. He argues that he was entitled to grant of his petition to set aside default judgment because "plaintiff filed a default judgment on the very day defendant contacted him after learning of the publication from an acquaintance." Concise statement, ¶1(iii). Spiegel seems to be arguing that Kennedy inequitably lead him to believe that settlement negotiations were underway and then took a "snap" judgment. See *Cross v. 50th Ward Community Ambulance Co.,* 365 Pa. Super. 74, 83, 528 A.2d 1369, 1373 (1987) (delay in filing petition to open default judgment may be excused where petitioner establishes that plaintiff lulled defendant into a false sense of security during settlement negotiations). This theory cannot support reversal of this court's decision to deny Spiegel's petition to set aside default judgment. A party may not argue a theory on appeal not presented to the trial court. Pa.R.A.P. 302(a), 42 Pa.C.S.;[6] *Chervenak, Keane & Company Inc. v. Hotel Rittenhouse Associates Inc.,* 328 Pa. Super. 365, 370 n.3, 477 A.2d 487, 489 n.3 (1984) (where defendant at trial level argued only that default judgment should be stricken as entered prematurely, defendant could not argue on appeal that default judgment should be stricken as entered by the trial court sua sponte). Here, Spiegel rested his petition to set aside default judgment exclusively on the theory that defective service of process deprived this court of in

---

6. *"Rule 302. Requisites for reviewable issue*

*"(a) General rule. Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."*

personam jurisdiction. See petition to set aside default judgment, ¶¶1-8.

If Spiegel wanted to argue that Kennedy behaved inequitably, he should have filed a petition to open default judgment since "a proceeding to open a judgment is addressed to the equitable powers of the court." *Keystone Bank v. Flooring Specialists Inc.,* 513 Pa. 103, 109 n.4, 518 A.2d 1179, 1182 n.4 (1986). We note that treating Spiegel's petition to set aside default judgment as a petition to open default judgment would not have changed our decision. "It is well-settled that before a court can exercise its discretion to open a default judgment, the party seeking to open the judgment must (1) promptly file a petition to open, (2) state an adequate excuse why a timely answer was not filed, and (3) show a meritorious defense." *Stoltz v. Datascope Corp.,* 400 Pa. Super. 473, 479, 583 A.2d 1213, 1216 (1990). Here, Spiegel satisfied none of these prerequisites. No facts suggested why Spiegel delayed 4 months before filing his petition or why he filed no response to the complaint. Spiegel's petition alleged no defense whatsoever.

Finally, Spiegel wishes to raise on appeal "[a]ny and all other issues raised by defendant's petition to set aside default judgment and supporting memorandum." Concise statement, ¶2. This broad averment does no more than reassert that Kennedy's attempted service of process by publication was untimely and consequently failed to confer in personam jurisdiction.

For the reasons set out above, our order dated July 5, 1995 should be affirmed.