## Gordon v. Hamilton Savings and Loan Association, Appellant.

232

Argued December 14, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Donald W. Kramer*, with him *William M. Marutani*, for appellant.

*Robert F. Blanck*, with him *McWilliams, Wagoner & Troutman*, for appellee.

OPINION BY WRIGHT, J., March 24, 1966:

We are here concerned with an action in assumpsit instituted on February 4, 1965, by Thomas G. Gordon,

administrator d.b.n.c.t.a. of the estate of Herman James, deceased, to recover the sum of $6,120.00, the amount of a savings account in the Hamilton Savings and Loan Association in the name of Herman James at the time of his death on June 17, 1961. The pleadings consist of a complaint, an answer with new matter, and a reply. Each party filed a motion for judgment on the pleadings. On June 21, 1965, the court below granted plaintiff's motion. On July 1, 1965, judgment was entered accordingly in total amount, including interest, of $7,602.06. This appeal by the defendant followed.

The facts are not in dispute. On June 23, 1961, decedent's son, Herman H. James, Jr., was duly appointed and qualified as administrator c.t.a. of his father's estate. On June 26, 1961, Herman H. James, Jr., appeared at appellant's banking office, presented a short certificate evidencing his appointment, and signed a withdrawal slip. Appellant drew a check payable to the order of Herman H. James, Jr. This check did not indicate that Herman H. James, Jr., was a fiduciary. The money was misappropriated. Herman H. James, Jr., was removed as fiduciary, surcharged by the Orphans' Court of Philadelphia County, and replaced by Thomas G. Gordon. Appellant refused to comply with Gordon's demand for payment, and suit followed.

Appellant's first and principal contention is thus stated in its brief: "Under the provisions of the Uniform Fiduciaries Act, where a bank in good faith pays money to a fiduciary entitled to receive such money, it is not to be held responsible for the proper application thereof". Section 2 of the statute in question, Act of May 31, 1923, P. L. 468, Section 2, 20 P.S. 3331, reads as follows: "A person who, in good faith, pays or transfers to a fiduciary any money or other property, which the fiduciary as such is authorized to receive, is not responsible for the proper application thereof by the fi-

duciary; and any right or title acquired from the fiduciary in consideration of such payment or transfer is not invalid in consequence of a misapplication by the fiduciary". The term "good faith" is defined in Section 1 of the statute, 20 P.S. 3311, as follows: "A thing is done 'in good faith', within the meaning of this act, when it is in fact done honestly, whether it be done negligently or not".

In *Davis v. Pennsylvania Co.*, 337 Pa. 456, 12 A. 2d 66, it was held that, since "bad" is the antonym of "good", a thing is done in bad faith within the meaning of the statute only when it is done dishonestly and, not merely negligently. The court below, in holding that appellant was "not entitled to the shelter of the Act", did not take the position that appellant had acted in bad faith. Nor does Gordon's brief assert that there was bad faith on appellant's part. His argument is based on the proposition that a debtor-creditor relationship existed between appellant and Herman James, which was not altered by death, and that there was a contract to pay the savings account only to the creditor or to his estate. Overlooked entirely is the fact that Herman H. James, Jr., at the time he withdrew the savings account, was cloaked with the authority of a personal representative under the Fiduciaries Act, and that he exhibited a valid short certificate showing his appointment. It is clear that payment would not have been made to him without presentation of the short certificate. It is also clear that the misappropriation of funds by him was not brought about or facilitated in any way by action of the appellant.

Section 501 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 P.S. 320.501, provides in pertinent part that a personal representative "shall have the right to and shall take possession of, maintain and administer all the real and personal estate of the decedent". When Herman H. James, Jr., was appointed administrator

c.t.a. of his father's estate, the assets of that estate became immediately subject to his control. What disposition he made of the savings account after he received it from appellant was a matter for which appellant was not responsible. Here pertinent is the following statement from *Davis v. Pennsylvania Co.*, supra, 337 Pa. 456, 12 A. 2d 66: "The very purpose of the Uniform Fiduciaries Act was to facilitate banking transactions by relieving a depository, acting honestly, of the duty of inquiry as to the rights of its depositors, even though fiduciaries, to check out their accounts". In the case at bar the record clearly discloses that appellant "in good faith" paid the money to the duly authorized fiduciary empowered to receive the same. This is all that the Act requires.

The cases relied on in Gordon's brief[1] are not here applicable. The development of our statutory law has been directed toward placing the responsibility for assets held in a fiduciary capacity directly on the fiduciary, where it rightly belongs, and relieving those who deal with fiduciaries from responsibility. See the Fiduciaries Act of 1949, supra, Sections 520, 547, 967, and 1066, 20 P.S. 320.520, 320.547, 320.967, and 320.1066; the Incompetents' Estates Act of February 28, 1956, P. L. (1955) 1154, Section 446, 50 P.S. 3446; the Uniform Commercial Code, Act of April 6, 1953, P. L. 3, Section 8-403, 12A P.S. 8-403. The decision of the lower court in the instant case is a step backward.

Appellant's position is supported by *All v. McComas,* 162 Md. 690, 161 A. 187, in which case payment was made to an executor by three checks, one to the executor as such, one to him as attorney, and one to him individually. The court made no distinction as to the

---

[1] *Coffin v. Fidelity-Philadelphia Trust Co.*, 374 Pa. 378, 97 A. 2d 857; *Thomas v. First National Bank of Scranton,* 376 Pa. 181, 101 A. 2d 910; *Provident Trust Co. v. Interboro Bank and Trust Co.*, 389 Pa. 548, 133 A. 2d 515; *Weiner v. The Pennsylvania Co.*, 160 Pa. Superior Ct. 320, 51 A. 2d 385.

capacity in which the fiduciary acted, and held that the payor was not responsible for subsequent misappropriation. To the same effect is *National Casualty Co. v. Caswell & Co.*, 317 Ill. App. 66, 45 N.E. 2d 698, wherein a check was made payable to a trustee in his individual capacity. The wording on the check was held to be irrelevant since the money in fact went to the fiduciary authorized to receive it. In view of the desirability of uniform interpretation in the various jurisdictions, a similar conclusion should be reached in this Commonwealth.

The real gravamen of Gordon's complaint is not the manner in which Herman H. James, Jr., obtained the money, but what he did with the money once he had obtained it. This is indicated in the answer to paragraph 14 of the new matter wherein it is asserted that appellant "by making payment to Herman H. James, Jr., in his individual capacity aided, abetted and made possible the misappropriation and misapplication by him". However, the savings account was available to the administrator regardless of the name placed on the check. Even if appellant had made the check payable to Herman H. James, Jr., Administrator, as Gordon argues should have been done, he could have cashed it immediately and used the money as he wished, or he could have deposited such a check in his personal account and withdrawn it at any time. The same result would have obtained had payment been made in cash. Consequently, absent a showing of bad faith, appellant's failure to indicate on the check that Herman H. James, Jr., was a fiduciary is not of controlling significance.

In view of our disposition of the matter, it is unnecessary to pass upon appellant's second contention, namely, that the case was not ripe for a judgment on the pleadings in favor of Gordon.

Judgment reversed, and here entered for the appellant.