J-S38015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF RICHARD L. MICHAEL, DECEASED | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: CARLA STIEHLER | : : : : : : : | |
| | : | No. 501 WDA 2021 |

Appeal from the Order Entered March 30, 2021
In the Court of Common Pleas of Butler County Orphans' Court at No(s):
OC No. 2011-150

BEFORE:    BENDER, P.J.E., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED:  March 15, 2022**

Carla Stiehler ("Appellant"),[1] executrix of the estate of Richard L. Michael, deceased, appeals from the order entered on March 30, 2021, by the Court of Common Pleas of Butler County Orphans' Court, declaring subject matter jurisdiction over the proceeds of the decedent's, Richard L. Michael ("Decedent"), 401(k) retirement account and life insurance policy.[2]  After careful consideration, we affirm.

This matter arises from a controversy over the disposition of the proceeds from Decedent's 401(k) retirement plan and life insurance policy.  In his Last Will and Testament, Decedent named his two daughters, Ashley

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] We glean from the record that Appellant was formerly known as Carla Flick.

[2] As explained *infra*, we deem the March 30, 2021 order appealable as of right pursuant to Pa.R.A.P. 311(b)(2).

Michael (a/k/a Ashley Gamble) ("Ms. Gamble") and Amber Michael, as the sole beneficiaries of his estate, and designated his sister, Appellant, as the executrix of the estate. Findings of Fact, 12/4/20, at 2 ¶¶4-5. Decedent passed away on August 14, 2010. *Id.* at 2 ¶3. Letters testamentary were issued to Appellant on September 17, 2010. *Id.* at 2 ¶4. At the time of his death, Decedent owned a 401(k) retirement account and a life insurance policy. *Id.* at 2 ¶6.

Prior to his death, Decedent named his then-wife, Shirley A. Cupec ("Ms. Cupec"), as the beneficiary on both the 401(k) account and the life insurance policy. *Id.* at 2 ¶7. The parties thereafter divorced and entered into an agreement dated March 18, 2006 ("Marital Settlement Agreement"), wherein each party waived "any right, title or interest to any claim" to the other's respective retirement accounts and life insurance policies. *Id.* at 1 ¶1 (citation to record omitted).[3] Decedent failed, however, to remove Ms. Cupec as the

_____

[3] The Marital Settlement Agreement further provided that each party waived and released

> any and all right, titles and interests, or claims against the property … of the other or against the estate of the other, of whatever nature and wheresoever situate, which she or he now has or at any time hereafter may have against such other … whether arising out of any former acts, [or] contracts…. It is the intention of Husband and Wife to give to each other by the execution of this Agreement a full, complete and general release with respect to any and all property of any kind or nature, real, person (*sic*) or mixed.

- 2 -

beneficiary on these accounts after their divorce. Orphans' Court Opinion ("OCO"), 5/12/21, at 2. As such, upon notice of Decedent's death, pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101 *et seq*. ("ERISA"), the plan administrator of the 401(k) account and life insurance policy paid out the proceeds therefrom to Ms. Cupec, the named beneficiary.[4] OCO at 2.

After paying the appropriate inheritance tax on the proceeds, Ms. Cupec gave $75,394.91 to Appellant,[5] "because [Appellant] was the [e]xecutrix of the [e]state … and she intended for [her] to distribute these proceeds according to the Last Will and Testament of the Decedent." *Id.* at 2-3. Appellant was aware that the funds she received from Ms. Cupec represented the proceeds from Decedent's retirement plan and life insurance policy;

---

*Id.* at 1 ¶2 (citation to record omitted).

[4] "Under ERISA, plan administrators and fiduciaries are required 'to discharge [their] duties with respect to a plan solely in the interest of the participants and beneficiaries, … *in accordance with the documents and instruments governing the plan*….'" **In re Estate of Sauers**, 32 A.3d 1241, 1253 (Pa. 2011) (quoting 29 U.S.C. § 1104(a)(1)(D)) (emphasis added in **Sauers**).

[5] Ms. Cupec paid the sum of $75,394.91 to Appellant in the form of two personal checks—one dated May 2, 2011, in the amount of $50,820.91, and a second dated April 16, 2012, in the amount of $24,574.00—made payable to "Carla Flick." N.T. Hearing, 7/26/21, at 9. Appellant deposited both checks into her personal checking account. *Id.*

however, she did not distribute any portion of the $75,394.91 to the beneficiaries of the estate. *Id.* at 3; Findings of Fact at 3 ¶13.

On February 7, 2019, at the request of Ms. Gamble, the orphans' court issued a rule directing Appellant to show cause why, *inter alia*, "[s]he should not be surcharged the sum of $75,394.91 for her failure to distribute that money to … Decedent's heirs[.]" Rule, 2/8/19, at ¶1 (single page).[6] During a status conference on the matter, Appellant's counsel questioned the orphans' court's jurisdiction over the 401(k) account and life insurance policy proceeds. OCO at 3. Thus, the court directed the parties to brief the issue as to whether Ms. Cupec's transfer of funds to Appellant "involves the [e]state…, or if this is a cause of action between said individuals involving breach of contract or fraud." Orphans' Court Order, 12/4/19, at 1. The parties complied.

A hearing was scheduled for November 25, 2020, in order to determine whether the orphans' court had subject matter jurisdiction over the disputed proceeds. OCO at 3. After careful consideration of the testimony given at the hearing and the briefs submitted by the parties, the orphans' court issued the following conclusions of law:

---

[6] "When the executor of an estate fails to fulfill his fiduciary duty of care, the court may impose a surcharge against him. A surcharge is a penalty imposed to compensate the beneficiaries for loss of estate assets due to the fiduciary's failure to meet his duty of care…." *In re Estate of Miller*, 18 A.3d 1163, 1174 (Pa. Super. 2011) (citation omitted).

- 4 -

14. The … 401(k) retirement account and life insurance policy were the personal assets of … Decedent … during his life.

15. The proceeds therefrom were paid to the named beneficiary of said retirement account and life insurance policy, [Ms.] Cupec, pursuant to … []ERISA[].

16. [Ms. Cupec] waived any and all right to and interest in these proceeds in the March 18, 2006[] Marital Settlement Agreement.

17. The estate of Richard L. Michael, deceased, has a claim to the proceeds of said retirement account and life insurance policy.

18. The orphans' court has subject matter jurisdiction over the disputed proceeds and the disposition of [the] same.

Conclusions of Law, 12/4/20, at 3 (unnecessary capitalization omitted).

Accordingly, the orphans' court entered an order on December 4, 2020, declaring its subject matter jurisdiction over the proceeds of Decedent's 401(k) retirement account and life insurance policy. Orphans' Court Order, 12/4/20 (single page).[7] On March 30, 2021, at the request of Appellant, the orphans' court amended its December 4, 2020 order to include the following

---

[7] Appellant filed an appeal from the December 4, 2020 order; however, the appeal was quashed by this Court because the order was not final or otherwise appealable. *Per Curiam* Order, 3/19/21 (single page) (noting the order did not state that "a substantial issue of venue or jurisdiction is presented") (citing Pa.R.A.P. 311(b)(2)). Rule 311(b)(2) states:

An appeal may be taken as of right from an order in a civil action or proceeding sustaining the venue of the matter or jurisdiction over the person or over real or personal property if … the court states in the order that a substantial issue of venue or jurisdiction is presented.

Pa.R.A.P. 311(b)(2).

language: "a substantial issue of jurisdiction exists in the instant case."

Orphans' Court Order ("Amended Order"), 3/30/21 (single page).[8]

On April 20, 2021, Appellant filed a timely notice of appeal,[9] followed by a timely court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, Appellant presents the following issues for our review:

A. Whether after [Ms.] Cupec's comingling of the fungible 401[(k)] funds with her personal funds, said funds ceased to be the 401[(k)] funds[] and[,] thus[,] the orphans' court could not have proper jurisdiction over same?

B. Whether the orphans' court exercises mandatory jurisdiction over the 401[(k)] funds?

C. Whether the orphans' court exercises proper jurisdiction over Appellant *vis-à-vis* her transaction with [Ms.] Cupec?

D. Whether the orphans' court exercises proper non-mandatory jurisdiction over the 401[(k)] funds?

Appellant's Brief at 4 (unnecessary capitalization omitted).[10]

---

[8] Although the orphans' court's original order sustaining jurisdiction over Decedent's personal property was an interlocutory and unappealable order, we discern that the appeal from its Amended Order is properly before us, as it contains the language prescribed by Rule 311(b)(2). **See Aerospace Finance Leasing, Inc. v. New Hampshire Ins. Co.**, 696 A.2d 810, 812 n.9 (Pa. Super. 1997) (citing **Shears v. Rigley**, 623 A.2d 821, 823 n.1 (Pa. Super. 1993)).

[9] **See Martin v. Gerner**, 481 A.2d 903, 905 (Pa. Super. 1984) (stating that the thirty-day appeal period under Pa.R.A.P. 903 does not begin to run until the lower court certifies an otherwise unappealable interlocutory order as appealable as of right under Pa.R.A.P. 311(b)(2)).

[10] While the orphans' court has identified the issue in this matter to be regarding its subject matter jurisdiction over the proceeds from Decedent's

All of Appellant's issues implicate the orphans' court's exercise of jurisdiction in this matter. Our standard of review for questions involving jurisdiction is as follows:

> A court's decision to exercise or decline jurisdiction is subject to an abuse of discretion standard of review and will not be disturbed absent an abuse of that discretion. Under Pennsylvania law, an abuse of discretion occurs when the court has overridden or misapplied the law, when its judgment is manifestly unreasonable, or when there is insufficient evidence of record to support the court's findings. An abuse of discretion requires clear and convincing evidence that the trial court misapplied the law or failed to follow proper legal procedures.

**R.M. v. J.S.**, 20 A.3d 496, 500 (Pa. Super. 2011) (citation omitted).

Preliminarily, we note that orphans' courts are charged with the "administration and distribution of the real and personal property of decedents' estates…." 20 Pa.C.S. § 711(1). **See In re Estate of Ciuccarelli**, 81 A.3d 953, 958 (Pa. Super. 2013) (noting that the orphans' court division has "mandatory and exclusive jurisdiction" over the administration and distribution of estate assets). Orphans' courts must also adjudicate disputes concerning the title and rightful possession of a decedent's property. **Sauers**, 32 A.3d at 1249. Where a dispute arises that involves "substantial questions concerning matters enumerated in section 711 [of the Probate, Estates and Fiduciaries Code (20 Pa.C.S. §§ 101-8815) ("PEF Code")] and also matters not enumerated in that section[,]" the orphans' court may exercise non-mandatory jurisdiction over the matter. 20 Pa.C.S. § 712(3).

---

401(k) account *and life insurance policy*, we observe that the parties focus primarily on the 401(k) proceeds.

Instantly, Appellant claims that the orphans' court erred in determining it has subject matter jurisdiction over the disputed proceeds because said funds do not constitute property of the estate. Appellant's argument is premised on her insistence that the money she received from Ms. Cupec should not be treated as 401(k) funds but, rather, as private funds due to Ms. Cupec's comingling of the proceeds with her various other private accounts. Appellant's Brief at 11. She states that money is fungible and once comingled with other funds, the funds do not remain directly traceable to the original funds. *Id.* at 11 (citation omitted). Here, Ms. Cupec testified that she rolled the 401(k) proceeds into her own personal 401(k) account. She then withdrew funds from her 401(k) account, paid the appropriate penalties, fees, and taxes associated with the proceeds received from Decedent's accounts, and then deposited the remaining funds into her private checking account. *Id.* The money paid to Appellant was in the form of personal checks written from Ms. Cupec's private checking account to Appellant. *Id.* at 12.

Appellant admits that there is no precedential commentary directly on point, but suggests that "a presumption that the monies removed from [Ms.] Cupec's private 401[(k)] account were her own 401[(k)] funds, rather than the funds derived from Decedent's 401[(k),] … is most appropriate." *Id.* She states that if this approach is adopted, "[Ms.] Cupec would be free to do whatever she pleases with said withdrawn funds, and [Ms. Gamble] would be just as free to retrieve Decedent's 401[(k)] funds from [Ms.] Cupec's private 401[(k)] account, because [the funds] never left." *Id.* at 12-13.

> *Ergo*, the legal and financial reality here is that the funds [Ms.] Cupec transferred to Appellant were not the actual 401[(k)] funds, let alone estate funds…. There is simply no argument whatsoever which would support proper [o]rphans' [c]ourt jurisdiction over the transfer of private funds between two private individuals. That is clearly the providence of the [c]ivil [c]ourts in a contract or equitable action.

*Id.* at 13-14.

Alternatively, in the event this Court deems the disputed funds to be the proceeds from Decedent's 401(k) account, Appellant argues that said funds are clearly exempted from the estate by section 6108 of the PEF Code, which provides:

> The designation of beneficiaries of life insurance, annuity or endowment contracts, or of any agreement entered into by an insurance company in connection therewith, supplemental thereto or in settlement thereof, and the designation of beneficiaries payable upon or after the death of a participant under any pension, bonus, profit-sharing, retirement annuity, *or other employee-benefit plan, shall not be considered testamentary and shall not be subject to any law governing the transfer of property by will*.

Appellant's Brief at 14 (quoting 20 Pa.C.S. § 6108(a) (emphasis added)). She interprets section 6108 to mean that "all such funds … pass to the designated beneficiary outside of probate, and said funds are not testamentary, *i.e.*[,] cannot be considered the object of a devise and[,] thus[,] cannot exist within the corpus of the estate itself." *Id.* at 14-15. Appellant concludes, therefore, "that the instant 401[(k)] funds do not fall under the [o]rphans's [c]ourt's mandatory jurisdiction set forth within 20 Pa.C.S. § 711 because they are [section] 6108 funds, and thus are not, and cannot be, estate funds." *Id.* at 16.

We are not convinced by Appellant's argument that the funds in dispute should be treated merely as an exchange of personal funds between Ms. Cupec and Appellant. This claim ignores a number of critical points established by the orphans' court's factual findings.

> First, [the Findings of Facts] establish that … Decedent's retirement account and life insurance policy were his personal assets at the time of his death. Administrators of estates have a duty to take possession of, maintain, and administer the personal assets of decedents, and to ensure the proper distribution of the proceeds therefrom. *In re Estate of Sauers*, 32 A.3d 1241, 1249 (Pa. 2011). Next, they establish that [Ms.] Cupec waived any right to the proceeds from these assets in the Marital Settlement Agreement, and that … Decedent did not name an alternative beneficiary thereto. Thus, given [Ms.] Cupec's waiver, once the proceeds were paid to her, the estate had a duty to enforce the Marital Settlement Agreement and, there being no named alternative beneficiary thereto, to collect and administer these proceeds as part of … Decedent's estate.

> These facts further establish that … Decedent died testate, and that his entire estate, including any residue, of which the retirement benefits and life insurance policy proceeds were now included, was devised to his two children; neither [Ms.] Cupec [nor Appellant] were beneficiaries thereof. Fourth, the facts establish that [Appellant] was the executrix of the estate of [Decedent]; hence, she owed a fiduciary duty thereto. Fifth, they establish that [Ms.] Cupec knew, at the time she gave the money to [Appellant], that [Appellant] was a person authorized to receive money and assets on behalf of the estate of … Decedent. Sixth, the facts establish that [Appellant], as the executrix of the estate, had actual knowledge that the money given to her by [Ms.] Cupec represented the proceeds Ms. Cupec received from … Decedent's retirement account and life insurance policy. Thus, [Appellant], as the executrix of the estate, was aware of the origin and nature of the money given to her[] and was in actual possession of the retirement policy and life insurance proceeds. These proceeds

- 10 -

were now estate assets,[11] and [Appellant], as the executrix of the estate … had a fiduciary duty to distribute those proceeds according to the Last Will and Testament of … [Decedent], *i.e.*, to … Decedent's children. This court undoubtedly has jurisdiction over the proper application and distribution of estate assets held by [Appellant], as the executrix of the estate….

OCO at 7-9 (unnecessary capitalization omitted).

Moreover, we reject Appellant's claim that the 401(k) funds are "section 6108 funds" and are therefore exempt from Decedent's estate. As opined by the orphans' court,

[section 6108(a)] speaks only to the designation of beneficiaries[] and requires plan participants who wish to change their beneficiary designations on certain enumerated accounts to do so pursuant to plan contractual requirements[. T]he plan participant may not use his or her Last Will and Testament as a mechanism to change such designations. However, the court is unaware of any case law, and [Appellant] has not provided the court with any case law, that would suggest that title 20 Pa.C.S.[] § 6108 precludes an estate from, on the basis of a preexisting marital settlement agreement, … subsequently accepting proceeds paid

---

[11] The orphans' court notes the fact that Ms. Cupec did not designate Appellant's capacity as the executrix of the estate on the personal checks she wrote to Appellant totaling $75,394.91 "is of no consequence." OCO at 9.

"That moneys collected by an agent or other person acting in a fiduciary capacity do not, simply because of being deposited in his individual name, cease to belong to the principal or beneficiary, and that they may be followed into the orphans' court as against the creditors or the depositor, are propositions too well[-]established to require the citation of authority…." **In re Trought's Estate**, 1903 WL 2406[] at *1 (Pa. Orph. 1903). **See also**[] **Gordon v. Hamilton Sav. & Loan Ass'n**, 217 A.2d 843 (Pa. Super. 1966) (bank that, in good faith, paid estate funds to the decedent's son in his individual capacity, whom they knew to be the executor of [the] decedent's estate, held not liable for son's subsequent misappropriation of said funds. Son removed as fiduciary and surcharged by the orphans' court).

*Id.*

pursuant to a retirement plan or life insurance policy and distributing them through an estate as estate assets. Thus, [Appellant's] reliance upon [section] 6108 to divest the orphans' court of jurisdiction is misplaced, as its mandates do not extend past the distribution of plan and insurance proceeds to the named beneficiaries therein, and do not affect the ultimate disposition of said proceeds as determined by subsequent legal proceedings.

*Id.* at 4-5 (unnecessary capitalization and internal citation omitted).

Next, Appellant points to section 6111.2 of the PEF Code, which provides, in relevant part:

[I]f an individual … designates the individual's spouse as beneficiary of the individual's life insurance policy, annuity contract, pension or profit-sharing plan or other contractual arrangement providing for payments to the spouse; and … at the time of the individual's death is divorced from the spouse … [a]ny designation … in favor of the individual's spouse or former spouse that was revocable by the individual at the individual's death shall become ineffective for all purposes and shall be construed as if the spouse or former spouse had predeceased the individual…. Unless restrained by court order, no insurance company, pension or profit-sharing plan trustee or other obligor shall be liable for making payments to a spouse or former spouse which would have been proper in the absence of this section…. Any spouse or former spouse to whom payment is made shall be answerable to anyone prejudiced by the payment.

20 Pa.C.S. § 6111.2. Based on the foregoing, Appellant asserts that "the chain of liability for the wrongful transfer of [proceeds from a decedent's retirement fund or life insurance policy] in the context of an ex-spouse recipient should begin, and end, at the actual recipient of the funds, at least with regard to liability accrued to claimed rightful beneficiaries thereof." Appellant's Brief at 19.

Applying section 6111.2 to the instant matter, Appellant asserts that Ms. Cupec wrongfully received the proceeds from Decedent's 401(k) account,

because she waived her rights to any such funds in the Marital Settlement Agreement. *Id.* Hence, Ms. Cupec "shall be answerable to anyone prejudiced by the payment," *id.* at 21 (quoting 20 Pa.C.S. § 6111.2), and liability to the rightful beneficiaries thereof "should begin[] and end" with her. *Id.* at 19. Appellant again emphasizes that she is merely the recipient of "private funds" from the "actual wrongful recipient." *Id.* at 21. She claims that the orphans' court lacks jurisdiction over her because Ms. Cupec, as the named beneficiary on the 401(k) account, is the only proper subject of Ms. Gamble's claim over the proceeds. *Id.* at 11, 18. As such, Appellant concludes Ms. Gamble's bringing an action against her in orphans' court was improper. *Id.* at 21. She suggests, rather, that Ms. Gamble should have brought a civil action against Ms. Cupec in family court to disgorge her of the funds. *Id.* Appellant's claims are wholly without merit.

First, to the extent that Appellant's argument implies a lack of personal jurisdiction, we deem any such claim to be waived.[12] Unlike subject matter jurisdiction, a defendant may consent to personal jurisdiction or may waive any objections thereto by taking action on the merits of the case. *Frontier Leasing Corp. v. Shah*, 931 A.2d 676, 680 (Pa. Super. 2007) (stating, "[p]ersonal jurisdiction can be established by consent"); *McCullough v.*

---

[12] Personal jurisdiction is "[a] court's power to bring a person into its adjudicative process[.]" Black's Law Dictionary (10th ed. 2014). Personal jurisdiction is readily waivable. *See Grimm v. Grimm*, 149 A.3d 77, 83 (Pa. Super. 2016).

***Clark***, 784 A.2d 156, 157 (Pa. Super. 2001) (finding a "party may expressly or impliedly consent to a court's personal jurisdiction"); ***Ball v. Barber***, 621 A.2d 156, 158 (Pa. Super. 1993) ("Once a party takes action on the merits of a case, he waives his right to object to defective service of process."). Appellant has clearly consented to personal jurisdiction in the present matter. ***See*** Orphans' Court Order, 4/18/19 (single page) (indicating Appellant appeared at the status conference on the rule returnable and that her counsel "indicated a willingness to cooperate" relative to any necessary trial preparation); N.T. Deposition of Appellant, 6/25/19, at 1-20 (documenting Appellant's deposition testimony in preparation for trial); Appellant's Responsive Brief to Petitioner's Memorandum of Law, 2/18/20, at 1-7 (unnumbered) (briefing the merits of whether the money transferred between Ms. Cupec and Appellant should be litigated as part of the estate or whether the transaction gives rise to a cause of action between the two individuals).

Second, we have already rejected Appellant's claim that the funds she received from Ms. Cupec were merely "private funds." We uphold the orphans' court's determination that said funds should be treated as 401(k) funds and therefore, as part of the estate. Third, while Appellant is correct in stating that a civil action *could* have been brought against Ms. Cupec by the estate, this was unnecessary here. The evidence adduced at the hearing demonstrated that Ms. Cupec *voluntarily* remitted the proceeds to Appellant, as the executrix. ***See*** OCO at 9.

Nevertheless, Appellant's reliance on section 6111.2 to establish that Ms. Cupec's beneficiary designation was rendered ineffective by her divorce from Decedent, is wholly misplaced. The Supreme Court of Pennsylvania was called to decide in **Sauers** whether, and to what degree, ERISA preempts section 6111.2 of the PEF Code. **See Sauers**, **supra**. "ERISA contains an express provision, stating that ERISA 'shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan' controlled or covered by ERISA." **Id.** at 1250 (quoting 29 U.S.C. § 1144(a)). After an in-depth analysis of ERISA's legislative purpose and an examination of the United States Supreme Court decision in **Egelhoff v. Egelhoff**, 532 U.S. 141 (2001), a factually similar case, the **Sauers** Court concluded that section 6111.2 impermissibly "relates to" ERISA and, therefore, "is superseded by the vast reach of the federal ERISA statute. **Sauers**, 32 A.3d at 1257 (citing 29 U.S.C. § 1144(a)) (determining the courts below erred as a matter of law by ordering the ex-spouse, the named and unmodified primary beneficiary of the ERISA-governed insurance policy, to surrender all entitlement and interests in the proceeds of that policy). Thus, the plan administrator of Decedent's retirement account and life insurance policy in the instant matter properly distributed the proceeds to Ms. Cupec in accordance with ERISA. **See** 29 U.S.C. § 1104(a)(1)(D) (requiring administrator of

benefits to make payments to a beneficiary "in accordance with the documents and instruments governing the plan").[13]

In her final claim, Appellant asserts that the orphans' court improperly relied on the non-precedential decision in **Estate of Harmon v. Harmon**, 2020 WL 1490932 (Pa. Super. March 27, 2020) (unpublished memorandum), as persuasive authority in asserting nonmandatory jurisdiction over the 401(k) proceeds pursuant to the catchall provision of section 712(3) of the PEF Code.[14]    Appellant's Brief at 22 (citing 20 Pa.C.S. § 712(3)).    In

_____

[13] We further observe that "ERISA's focus is on the administration of employee benefit plans, not on the benefits, *per se*." **In re Estate of Easterday**, 209 A.3d 331, 346 (Pa. 2019).  Thus, section 1144(a) of ERISA does not preempt a state law breach of contract claim to recover funds that were paid pursuant to an ERISA-qualified employee benefit plan.  **Id.**

> Once the plan administrator makes payment in accordance with the plan documents, it satisfies ERISA's goals of regulating employee benefit plans and the administration thereof, protecting the plan administrator from double liability, and ensuring that the named beneficiary receives her benefits in a prompt manner. There is no indication that in drafting ERISA, Congress was concerned with the named beneficiary's right to retain the benefits.  To the contrary, this consideration is wholly beyond the scope of ERISA because it is beyond the scope of plan administration.

**Id.** (citations omitted).  Accordingly, if Ms. Cupec was found to still be in possession of proceeds from Decedent's accounts, ERISA would not preempt an action by the estate to enforce the Marital Settlement Agreement and to recover said funds.  As indicated *supra*, no such action is required in the instant matter, however, as Ms. Cupec voluntarily relinquished the funds to Appellant as the executrix of the estate.

[14] **Harmon** involved a question of jurisdiction similar to the issues presented in the instant matter.  In **Harmon**, the estate of Mr. Harmon filed a breach of contract action in the Court of Common Pleas civil division, at the divorce

determining that the orphans' court had non-mandatory jurisdiction under section 712(3), the **Harmon** Court opined:

> A matter must be heard in the orphans' court if it concerns, among other things, the "administration of the real and personal property of decedents' estates[.]" 20 Pa.C.S. § 711; **see also In re Estate of Sauers**, 32 A.3d 1241, 1249 (Pa. 2011) ("[A]dministrators of estates are charged with taking possession of, maintaining, and administering [life insurance proceeds], **see** 20 Pa.C.S. § 3311(a), and the Orphans' Courts are vested with the authority to ensure the[ir] proper distribution[.]"). A key exception is when a case involves "substantial questions concerning matters enumerated in section 711 and also matters *not* enumerated in that section." 20 Pa.C.S. § 712(3) (emphasis added). In that event, it is not mandatory for the court of common pleas to exercise jurisdiction through its orphans' court division. **See id.**
>
> We agree with the Estate that the issues involved in this case fall outside the exclusive purview of the orphans' court. Essentially, the Estate's action turned on the enforceability of a waiver of rights in a divorce decree. Such contractual disputes are not statutorily enumerated issues that must be adjudicated by an orphans' court. **See generally** 20 Pa.C.S. § 711. *It is rather the type of case where the orphans' court has only non-mandatory jurisdiction because it concerns not just administration of an estate, but also the enforcement of contractual terms incorporated into a divorce degree.* **See** … [20 Pa.C.S. §] 712(3).

---

docket number, to recover the life insurance policy proceeds that were paid to Mr. Harmon's ex-wife. Similar to the present matter, Mrs. Harmon had been named the primary beneficiary of the policy during their marriage. The parties later entered into a marital settlement agreement, whereby they each relinquished any interest in the other's life insurance policies. However, at the time of Mr. Harmon's death, Mrs. Harmon remained the named beneficiary on the decedent's policy and, thus, the proceeds were distributed to her in accordance with ERISA. Mrs. Harmon objected to the estate's breach of contract matter being heard in the civil division, arguing that the orphans' court had exclusive subject matter jurisdiction. **Harmon**, 2020 WL 1490932 at *1-2.

*Harmon*, 2020 WL 1490932 at *3 (emphasis added).

Appellant argues that *Harmon* is distinguishable from the instant matter and therefore lacks any persuasive value on this case. Appellant's Brief at 23. Appellant is correct in stating that the orphans' court found *Harmon* persuasive.[15] Moreover, "[she] is correct that the facts in *Harmon* are distinguishable from the instant facts in one important respect, being that, in the facts before this [c]ourt, [Ms.] Cupec *voluntarily remitted* the … []$75,394.91[] … to the [e]state … via Carla [] Flick, the [e]xecutrix thereof, such that *a civil or family court action to enforce the contractual waiver was unnecessary* as to these funds." OCO at 6 (emphasis added). Appellant's assertion that the orphans' court asserted nonmandatory jurisdiction under section 712(3), however, is incorrect. Neither the December 4, 2020 order

---

[15] The orphans' court explained in its Rule 1925(a) opinion:

> Although the *Harmon* case was an unpublished opinion, this [c]ourt disclosed that *Harmon* was being cited for persuasive value only per Pa.St. Super. Ct. I.O.P. § 65.37 and Pa.R.A.P. 126(b) in its December 4, 2020[] Findings of Fact, Conclusions of Law, Discussion and Order of Court, at page 4. However, as the *Harmon* Court relied upon relevant precedent set forth in … *Sauers*, [*supra*] …, as well as clear statutory language, and as the facts therein were analogous to the facts of this case (spouse waived right to retirement account in marital settlement agreement but was not removed by owner of account, proceeds paid to spouse, action by estate to recover proceeds), this [c]ourt found the Superior Court's analysis of jurisdiction compelling and persuasive.

OCO at 6.

declaring that the orphans' court has subject matter jurisdiction over the proceeds of Decedent's 401(k) account and life insurance policy, nor the March 30, 2021 Amended Order from which this appeal was taken, make any reference to nonmandatory jurisdiction or 20 Pa.C.S. § 712(3). Moreover, the orphans' court clearly explained in its Rule 1925(a) opinion that the civil action in **Harmon** that placed that matter in the nonmandatory jurisdiction category under section 712(3) is lacking here, "leaving at issue only the distribution of said proceeds through the administration of … Decedent's estate, which is clearly within the jurisdiction of the [o]rphans' [c]ourt." OCO at 6. Thus, it is evident that the orphans' court's declaration of subject matter jurisdiction is pursuant to section 711(1). **See** 20 Pa.C.S. § 711(1) (providing that orphans' courts have mandatory jurisdiction over the administration and distribution of real and personal property of the decedent's estate).

Based on the foregoing, we discern no abuse of discretion in the orphans' court's determination that it has subject matter jurisdiction over the distribution of proceeds from Decedent's 401(k) account and life insurance policy. Accordingly, we affirm the March 30, 2021 Amended Order.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

- 19 -

Date: <u>3/15/2022</u>