J-A27009-18

2019 PA Super 97

| | |
|---|---|
| COY SHARPE, CHERYL HEYWARD AND DAVID FOSTER | : IN THE SUPERIOR COURT OF<br>: PENNSYLVANIA<br>:<br>: |
| v. | :<br>: |
| SHERELL MCQUILLER | :<br>: No. 3209 EDA 2017 |
| Appellant | : |

Appeal from the Judgment Entered August 17, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  161001135

BEFORE:  BOWES, J., STABILE, J., and McLAUGHLIN, J.

OPINION BY BOWES, J.:                             **FILED MARCH 28, 2019**

Sherell McQuiller appeals from judgment entered in favor of Coy Sharpe and Cheryl Heyward (collectively "Plaintiffs") on a compulsory arbitration award.  She challenges, *inter alia*, the trial court's November 27, 2017 order denying her petition to vacate and/or open the judgment for lack of personal jurisdiction.  We affirm.

The underlying cause of action arises from an automobile accident in Philadelphia.  According to the complaint, on December 20, 2015, at 11:45 p.m., a vehicle operated by Ms. McQuiller struck Ms. Sharpe's vehicle at the intersection of Malvern Avenue and Wanamaker Street.  Ms. Heyward and Mr. Foster were passengers in Ms. Sharpe's vehicle, and they were all injured in the collision.  Plaintiffs alleged that Ms. McQuiller was driving too fast, that she failed to yield, and that her negligent driving caused the accident, resulting in their injuries.

Ms. Sharpe and Ms. Heyward filed a complaint in which each sought damages not in excess of $50,000, placing the action in compulsory arbitration. The first attempt of the process server to personally serve the complaint on Ms. McQuiller at 6600 Sprague Street, Apt. D-4, in Philadelphia, was unsuccessful. The complaint was reinstated and, according to the affidavit of service, a process server personally handed a copy of the complaint to Ms. McQuiller's uncle at her residence located at 6610 Sprague Street, Apt. C-1, Philadelphia, on October 27, 2016. The complaint was stamped with a notice that an arbitration hearing was scheduled for July 13, 2017.

Shortly thereafter, Ms. Sharpe and Ms. Heyward filed a motion seeking permission to amend their complaint to add David Foster as a plaintiff. The certificate of service on the motion indicated that it was mailed to Ms. McQuiller at 6600 Sprague Street, Apt. C-1, Philadelphia. When Ms. McQuiller did not appear to contest the motion, Plaintiffs were granted leave to amend their complaint. The amended complaint listed Ms. McQuiller's address as 6600 Sprague Street, Apt. C-1. The docket reflects that Rule 236 notice of the order was given, but does not state at what address.[1]

_____

[1] Pa.R.C.P. 236 provides that

> **(a)** The prothonotary shall immediately give written notice of the entry of
>
> **. . . .**

On or about October 31, 2016, Plaintiffs sent interrogatories, requests for production, requests for admission, and supplemental interrogatories and requests for production to Ms. McQuiller at the 6610 Sprague Street address where original service was effected.  When responses were not forthcoming, Plaintiffs filed a motion to compel discovery.  The notice of presentment, as well as the certificate of service, indicate that the motion was sent to the 6610 Sprague Street address.  Ms. McQuiller did not appear.  By order dated December 29, 2016, the motion to compel was granted, and again, the docket reflects that Rule 236 notice was sent.

On April 13, 2017, the court entered an order granting sanctions.  The docket indicates that copies of the orders were sent to Ms. McQuiller pursuant to Pa.R.C.P. 236(b), but the docket does not indicate what address was used. That same day, a *praecipe* to amend Ms. McQuiller's address to 5609 N. Park Avenue in Philadelphia, and signed by her, was filed with the court. Thereafter, copies of the pleadings, motions, and orders consistently were directed to Ms. McQuiller at that address.

Throughout the foregoing proceedings, Ms. McQuiller was unrepresented by counsel.[2]  She did not file preliminary objections alleging

---

**(2)** any other order or judgment to each party's attorney of record or, if unrepresented, to each party.  The notice shall include a copy of the order or judgment.

Pa.R.C.P. No. 236.

[2] However, the record contains correspondence directed to Plaintiffs' counsel from an attorney for State Farm that predates the arbitration hearing.

- 3 -

defects in the service of process or a responsive pleading to the original complaint or amended complaint. She also did not appear and oppose motions to compel or for sanctions, and did not attend the July 13, 2017 arbitration. However, Ms. McQuiller provided to Plaintiffs' counsel some handwritten answers to interrogatories and requests for admission.

On July 13, 2017, following a hearing, a board of arbitrators found against Ms. McQuiller and awarded Ms. Sharpe $30,000 and Ms. Heyward $27,000; it found in favor of Ms. McQuiller and against Mr. Foster, who did not appear. The prothonotary sent Pa.R.C.P. 1307 notice of the award the same day to Ms. McQuiller at the N. Park Avenue address. She did not file an appeal to the court of common pleas for a *de novo* hearing.

On August 16, 2017, as thirty days had elapsed since the award and no appeal was filed, Plaintiffs filed a *praecipe* for entry of judgment. Judgment was entered of record the next day. The docket reflects that notice of the judgment was sent to Ms. McQuiller at the address she provided to the court.

On September 11, 2017, an attorney retained by State Farm entered an appearance on behalf of Ms. McQuiller. Counsel filed a series of petitions commencing with a September 15, 2017 petition to open or vacate the judgment. On September 18, 2017, counsel filed petitions to vacate the following: the December 19, 2016 order granting Plaintiffs' motion to amend; the orders granting Plaintiffs' motion to compel and for sanctions; and, the

arbitration award entered on July 13, 2017.[3] Before the court acted on any of the foregoing petitions, Ms. McQuiller filed five notices of appeal to this Court on September 18, 2017: (1) from the entry of judgment on the award; (2) from the arbitration award; and from the orders granting Plaintiff's motions to (3) amend, (4) to compel discovery, and (5) imposing sanctions. Four appeals were quashed by this Court as unnecessary and duplicative; the instant appeal from the entry of judgment filed at No. 3209 EDA 2017 is the only appeal remaining.

On October 13, 2017, upon consideration of Ms. McQuiller's September 13, 2017 petition to vacate and/or open the judgment alleging lack of personal jurisdiction, the court issued a rule to show cause upon Plaintiffs to show why Ms. McQuiller was not entitled to relief. Plaintiffs filed a response, and Ms. McQuiller filed a reply to Plaintiffs' response to vacate judgment. By order dated November 28, 2017, the trial court ruled that because Ms. McQuiller failed to preliminarily object to improper service, and then took action on the merits by answering requests for admission and interrogatories, she waived the right to object to defective service. Thus, the court held that the arbitrators had jurisdiction, and the motion to open the judgment was denied.

_____

[3] In her amended petitions to vacate the various orders, counsel for Ms. McQuiller explained that when she attempted to file one petition to vacate or open the judgment and all of the underlying orders, the filing was rejected. Court personnel advised her that individual petitions had to be filed for each order she sought to vacate. **See** Amended Petition to Vacate Order Entered on December 19, 2016, 9/18/17, at 1.

- 5 -

Ms. McQuiller filed a notice of appeal from the November 27, 2017 order, which was docketed at No. 134 EDA 2018. This Court subsequently quashed that appeal as duplicative, but provided that, "The parties may raise these issues at the appeal docketed at No. 3209 EDA 2017, without prejudice." Order, 3/19/18, at 1.

Ms. McQuiller presents three issues for our review, which we have reordered for ease of disposition:

1. Whether the Trial Court erred as a matter of law and/or abused its discretion in refusing to vacate the July 13, 2017 Arbitration Award on the basis that [Ms.] McQuiller failed to preliminarily object to improper service and then took action on the merits of her case, and waived her right to object to defective service, when the record does not support that:

   ● [Ms.] McQuiller was served with the Complaint or Amended Complaint or

   ● [Ms.] McQuiller took action on the merits of her case; and when [Ms.] McQuiller was apparently influenced by communications with Plaintiffs' counsel.

2. Whether the August 17, 2017 entry of the Judgment ("Final Judgment") on the July 13, 2017 Arbitration Award was in error as a matter of law and should be vacated/stricken because no personal jurisdiction was obtained over [Ms.] McQuiller as the record indicates that:

   ●An Amended Complaint was filed but was not served and

   ●The alleged service of the original Complaint upon [Ms.] McQuiller occurred by the process server allegedly handing the original Complaint to a person listed in an affidavit of service as [Ms.] McQuiller's uncle at an address not established by the record as the address for [Ms.] McQuiller.

3. Whether Orders granting the Motion to Compel, the Second Sanctions Motion and the Motion to amend Complaint ("Collateral Motions") should be stricken when the record indicates that (i) [Ms.] McQuiller was not served with the Complaint or Amended Complaint and (ii) [Ms.] McQuiller was not served with the Collateral Motions, and (iii) [Ms.] McQuiller was not given proper notice of hearings on the Collateral Motions.

Appellant's brief at 13-14.

The thrust of Ms. McQuiller's claims on appeal is that the judgment was void as the trial court did not have personal jurisdiction over her due to defective service of process. The law is well settled that a judgment entered by a trial court that lacks jurisdiction over the subject matter or the person is null and void. Void judgments are subject to attack at any time, and can even be challenged for the first time in an appellate court. **M & P Mgmt., L.P. v. Williams**, 937 A.2d 398, 402 (Pa. 2007); **Mother's Rest., Inc. v. Krystkiewicz**, 861 A.2d 327, 337 (Pa.Super. 2004). Accordingly, we will address the merits of Ms. McQuiller's challenge to the court's jurisdiction over her.

The following principles inform our review. Generally, courts acquire personal jurisdiction by service of process that satisfies Pa.R.C.P. 402. Rule 402(a) provides several ways original process may be served, one of which includes handing a copy at defendant's residence to an adult member of the family with whom he or she resides. Pa.R.C.P. 402(a)(2)(i). Pa.R.C.P. 405(b) requires that the process server file a return of service setting forth the date,

time, place and manner of service, the identity of the person served and any other facts necessary for the court to determine whether proper service has been made. Pa.R.C.P. 405(b).

However, effective service of process is not the only means by which a court acquires *in personam* jurisdiction. Such jurisdiction also may be obtained through waiver or consent. *Cox v. Hott*, 371 A.2d 921, 923 (Pa.Super. 1977). Our courts have held that a defendant manifests the intent to submit to the court's jurisdiction when the defendant takes "some action (beyond merely entering a written appearance) going to the merits of the case, which evidences an intent to forego objection to the defective service." *Cathcart v. Keene Industrial Insulation*, 471 A.2d 493, 499 (Pa.Super. 1984).

If valid service has not been made, then the judgment should be stricken or opened because the court has no jurisdiction over the defendant and is without power to enter a judgment against him or her. If a party is challenging the truth of factual averments in the record when judgment was entered, a petition to open is the proper remedy.[4] *Mother's Rest., supra* at 336. The court can consider facts not before it at the time the judgment was entered.

_____

[4] Defective service of process may result in the striking of a judgment. A petition to strike operates as a demurrer to the record and admits all well-pleaded facts for purposes of testing conclusions of law drawn from those facts. The court is limited to the facts of record at the time the judgment was entered in deciding whether the record supports the judgment, and the petition may be granted only if a fatal defect appears on the face of the record.

- 8 -

***Cintas Corp. v. Lee's Cleaning Servs.***, 700 A.2d 915, 916 (Pa. 1997). The party seeking to open a judgment bears the burden of establishing such relief. ***Id***.

A petition to open is committed to the sound discretion of the hearing court and will not be disturbed absent a manifest abuse of that discretion. ***Mother's Rest., supra*** at 336. The absence of personal jurisdiction will require the opening of a judgment.[5] The trial court found, however, that Ms. McQuiller waived the right to object to service because she did not file preliminary objections to service of process and "she appeared in the matter by providing handwritten and signed discovery responses to Ms. Sharpe and Ms. Heyward." Trial Court Opinion, 1/28/18, at 2.

Ms. McQuiller contends, without citing any authority, that waiver only results when "a defendant takes action on the merits with the *unconditional intention* to waive a defense of improper service." Appellant's brief at 37. She argues that she could not unconditionally intend to waive the absence of service of process. Moreover, she claims that any action she took was

_____

[5] In the absence of a jurisdictional defect, a successful petition to open a judgment must meet the following requirements: (1) the petition to open must be promptly filed; (2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the judgment must show a meritorious defense. ***Mother's Rest., Inc. v. Krystkiewicz***, 861 A.2d 327, 336 (Pa.Super. 2004). Ms. McQuiller focused exclusively on the alleged lack of personal jurisdiction as the basis for opening the judgment; she made no attempt to prove that she was entitled to that relief based on satisfaction of the foregoing requirements.

incidental and did not constitute participation on the merits of the case. *Id*. She analogizes the *praecipe* to amend address to an entry of appearance, which does not operate as a waiver of objection to improper service. *See Hohlstein v. Hohlstein*, 296 A.2d 886, 888 (Pa.Super. 1972) (holding mere entry of an appearance without some other action on the merits is not sufficient to waive personal jurisdiction). She points to the lack of a caption on the discovery responses and argues that, without a complaint or notice to defend, those responses do not evidence an intent to waive improper service. Appellant's brief at 38.

Plaintiffs cite *Ball v. Barber*, 621 A.2d 156 (Pa.Super. 1993), for the proposition that Ms. McQuiller waived any defects in service by addressing the merits of the litigation. They point to the facts that Ms. McQuiller filed a *praecipe* to change her address with the court, and further, that she responded to discovery and signed her name on those documents. Ms. McQuiller never denied that these were her actions.

While we agree that the *praecipe* to change address alone may not be sufficient to constitute waiver of defects in service, we find Ms. McQuiller's subsequent tender of handwritten discovery responses bearing her signature constituted participation in the merits of the litigation. Although Ms. McQuiller assails Plaintiffs' failure to prove that she answered the requests for admission and interrogatories, and the genuineness of her signature, it was Ms. McQuiller's burden to plead and prove that the documents were not genuine.

Notably, Ms. McQuiller did not deny that she answered discovery nor disavow the signature as her own. The record supports the trial court's finding that she waived any defects in service by participating in the merits of the lawsuit.[6]

We also affirm the trial court's denial of Ms. McQuiller's petition to open or vacate the judgment for lack of personal jurisdiction on the ground that she failed to establish that service of process at the home of her uncle was defective because that was not her residence. She argues that the return of service was only conclusive as to facts stated in the return personally known to the sheriff or process server. *Hollinger v. Hollinger*, 206 A.2d 1, 3-5 (Pa. 1965). The statement that the uncle's address was Ms. McQuiller's residence was based upon what the process server was told, not his personal knowledge.

Plaintiffs counter that the affidavit of service is presumptively correct in the absence of a challenge from Ms. McQuiller to the effect that the address was not her residence. The burden is on the party contesting service to prove that it was not her residence, and she did not substantiate that fact. *American Exp. Co. v. Burgis*, 476 A.2d 944 (Pa.Super. 1984).

Ms. McQuiller's reliance upon *Hollinger*, *supra*, for the proposition that the return of service is conclusive only as to facts personally known to the process server is well-placed. However, Ms. McQuiller offered no

---

[6] Although Ms. McQuiller now suggests that there was something improper in her prior communications with Plaintiffs' counsel while she was unrepresented by counsel, she offers no authority in support of that position.

documentation that she did not reside at her uncle's residence at 6610 Sprague St. Apt. C-1 at the time service was made. "While a defendant may challenge the service of process by arguing that the plaintiff failed to serve his or her correct residence, the plaintiff must offer extrinsic evidence to prove such allegations." **Anzalone v. Vormack**, 718 A.2d 1246, 1249 (Pa.Super. 1998). She offered no evidence.

The record shows that service first was attempted in October 2016 at 6600 Sprague Street, Apt. D-4, Philadelphia, PA 19119, the address Ms. McQuiller was alleged to have provided at the time of the accident, an averment she did not deny. The occupant of that apartment told the process server that Ms. McQuiller no longer lived there. Plaintiffs made part of the record the TLO/TransUnion address search obtained by their counsel that showed that Ms. McQuiller was using 6610 Sprague Street as her residence on October 10, 2017. Ms. McQuiller did not deny, offer a contrary affidavit, or produce any proof in support of her claim that this was not her residence at the time service was effected, and it was her burden to do so. Thus, this was not a basis for opening the judgment.

Ms. McQuiller maintains further that she was not served with the amended complaint, and therefore, the court lacked jurisdiction over her. She cites **Brooks v. B & R Touring Co.**, 939 A.2d 398, 402 (Pa.Super. 2007), for the proposition that where an amended complaint renders the original

complaint a "virtual nullity," personal service of the amended complaint was required.

Plaintiffs counter that **Brooks** is inapplicable, as it stands for the proposition that when new **defendants** are added, personal service of an amended complaint is required. They direct our attention to Pa.R.C.P. 440, which provides that once a party is served with original process pursuant to Rule 402, all subsequent pleadings can be either hand-delivered in person, mailed, faxed, or left at the address of the party or his place of business. Pa.R.C.P. 440(2)(i). If service cannot be accomplished using any of these methods, subdivision (ii) provides that a copy can be left at or mailed to the last known address of the party.

We have concluded that original service of process was valid and conferred personal jurisdiction over Ms. McQuiller. Hence, Rule 440 governed the service of the amended complaint, and personal service was not required. Furthermore, Ms. McQuiller waived any objection to service of process when she participated in the merits of the litigation. We find no merit in Ms. McQuiller's contention that personal service of the amended complaint was required to acquire jurisdiction over her.

Thus, we find no error on the part of the trial court in refusing to open and/or vacate the judgment based on a lack of personal jurisdiction. The record supports the trial court's finding that Ms. McQuiller waived any right to challenge any defects in service of process when she participated in discovery.

Moreover, Ms. McQuiller failed to offer any evidence that she did not reside at 6610 Sprague Street Apt. C-1, or that the person who accepted service of the complaint was not her uncle, for purposes of proving that service of process was defective. It necessarily follows that Ms. McQuiller's claims that the court lacked jurisdiction to compel discovery, impose sanctions, and award money damages are without merit.

Ms. McQuiller also alleges, however, that since the record does not establish that she received notice of the hearings on the motions compelling discovery and seeking sanctions, the orders granting those motions must be vacated or stricken. We have already concluded that the court had personal jurisdiction over Ms. McQuiller. Second, the record shows that notice of hearings on the various motions was sent. Third, Ms. McQuiller had the opportunity to challenge any lack of notice of hearings on motions to compel or sanctions by filing a timely appeal to the court of common pleas for a *de novo* hearing. **See** 42 Pa.C.S. § 7361(d); Pa.R.C.P. 1308 (providing that a party dissatisfied with a compulsory arbitration award has the right to appeal for a trial *de novo* within thirty days); **see also Blucas v. Agiovlasitis**, 179 A.3d 520, 523 (Pa.Super. 2018) (reaffirming that, upon entry of the compulsory arbitration award on the docket and appropriate notice, the award takes the force and effect of a final judgment, which may be challenged only by a timely appeal to the court of common pleas for a trial *de novo*).

The arbitration award became a final judgment thirty days after it was entered when Ms. McQuiller did not file a timely appeal. Her petition to vacate the arbitration award was filed more than thirty days after the entry of the award, and thus, the trial court did not have jurisdiction to entertain it. **See Stivers Temp. Pers. v. Brown**, 789 A.2d 292, 296-97 (Pa.Super. 2001) (holding trial court lacked jurisdiction, *ab initio*, to consider petition to vacate the compulsory arbitration award filed fifty-eight days after the prothonotary entered the arbitration award on the docket). Moreover, by filing an appeal to this Court three days later, Ms. McQuiller divested the trial court of any ability to treat the petition to vacate as a petition to appeal *nunc pro tunc*. **See Wilk v. Girard Bank**, 493 A.2d 695 (Pa.Super. 1985) (treating late petition to vacate arbitration award as a petition to appeal *nunc pro tunc* where appellant relied upon court employee's incorrect representation that a letter sent within the thirty-day appeal period was sufficient to protect his appeal rights).[7] Hence, these claims were not preserved for our review.

Judgment affirmed.

---

[7] We note that Ms. McQuiller has not alleged the type of breakdown in the court system that was the basis for our holding in **Wilk v. Girard Bank**, 493 A.2d 695 (Pa.Super. 1985). She did not allege or offer any proof that she did not receive notice of the arbitration award sent by the prothonotary, or offer any excuse as to why she did not timely appeal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/28/19