J-A14016-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CELESTE SOSA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAIMOND BAEZ LARO, LASARNY | : | |
| CONVENIENCE STORE, AND LUIS | : | |
| TORRES | : | No. 2987 EDA 2024 |
| | : | |
| | : | |
| APPEAL OF: LUIS TORRES | : | |

Appeal from the Judgment Entered October 30, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 230901856

BEFORE:    PANELLA, P.J.E., NICHOLS, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED OCTOBER 1, 2025**

Appellant Luis Torres appeals from the judgment entered in an ejection action in favor of Appellee Celeste Sosa (Plaintiff) against Appellant and in favor of Appellant's co-defendants and cross-claimants, Appellees Raimond Baez Laro (Mr. Baez Laro) and Lasarny Convenience Store (collectively, Cross-Claimants).  We affirm.

By way of background, Plaintiff is the owner of real property located at 727-29 North 10th Street, Philadelphia PA 19123 (Property), which she purchased in 2007.  ***See*** N.T. Trial, 9/25/24, at 6, 12.  In 2018, Plaintiff leased Property to "Ramon [Jiminez] and Isidro Jiminez and G&M Supermarkets." ***Id.*** at 16-20.  On September 19, 2023, Plaintiff filed a complaint seeking to

_____

[*] Retired Senior Judge assigned to the Superior Court.

eject Appellant and Cross-Claimants from Property, alleging that none of these parties had a lease or a landlord-tenant relationship with Plaintiff for Property. *See* Compl., 9/19/23. Cross-Claimants subsequently filed an answer with new matter and cross-claim for fraud against Appellant. *See* Answer, New Matter, and Cross-Claim, 5/14/24, at 3-4 (unpaginated).

On September 17, 2024, the trial court held a hearing at which Michael McDermott, Esq., appeared as counsel for Cross-Claimants and Plaintiff appeared *pro se*. Appellant did not attend the hearing. At that time, Attorney McDermott stated that the complaint had not been served on Cross-Claimants and informed the trial court that Mr. Baez Laro was not present. *See* N.T. Hr'g, 9/17/24, at 6-7. Attorney McDermott also addressed Appellant's absence and stated his belief that Appellant had not been served with the complaint. *Id.* at 4. After reviewing the docket, the trial court stated that "[t]he docket makes it very clear that there was an affidavit of service . . . of the [complaint] on [Appellant] by personal service on March 25, 2024."[1] *Id.* at 5-6, 12-13, 16. Attorney McDermott ultimately accepted service of the complaint on behalf of Cross-Claimants and further stated that he would "let [Appellant's] attorney know that the [trial court] finds service on him effectuated and [Appellant] needs to answer." *Id.* at 19-20. The trial court continued the hearing to September 25, 2024. *Id.* at 22, 24.

---

[1] Specifically, this affidavit of service indicates that Detective Joseph Fargnoli personally served the complaint on "Rosa R. (Cashier)" at Property at 10:15 AM on March 25, 2024. Aff. of Service, 3/25/24.

On September 25, 2024, Appellant appeared at the scheduled hearing *pro se* and requested a continuance, stating that he was appearing "without a lawyer" because he had "received a letter three days ago." **See** N.T. Trial, 9/25/24, at 3-4, 8. After the trial court rejected Appellant's request, the matter proceeded to trial. **See id.** at 3-4.

At trial, Appellant testified to a lease on Property between Plaintiff and Appellant's business partner, Ramon Jimenez, and that this lease on Property was transferable. **Id.** at 48-49, 51-53. Cross-Claimants' witness, Rosita DeJesus, testified that Cross-Claimant, Mr. Baez Laro, paid Appellant $200,000 for "a bodega and supermarket" business located at Property and that, although Appellant told Mr. Baez Laro that he would also get a lease to Property in conjunction with the sale of the business, Appellant never delivered this lease to Mr. Baez Laro. **Id.** at 43-44. Appellant agreed that he sold a supermarket business located on Property to Mr. Baez Laro and accepted $200,000 in exchange. **See id.** at 51-53. Additionally, Appellant testified and made arguments in response to the testimony from Cross-Claimants' witness, Ms. DeJesus. **See id.** at 47, 51. At the conclusion of the hearing, the trial court entered a written verdict (captioned as an "order") finding in favor of Plaintiff against Appellant and Cross-Claimants on Plaintiff's ejectment claim and in favor of Cross-Claimants and against Appellant on Cross-Claimants' fraud claim. **See** Trial Ct. Order, 9/25/24.

Appellant filed a counseled post-trial motion alleging that the trial court lacked personal jurisdiction over him because he had not been "properly or

timely served" and seeking to vacate the judgment. *See* Appellant's Post-Trial Mot., 10/4/24, at 5-6 (unpaginated). On October 28, 2024, the trial court entered an order denying Appellant's post-trial motion. *See* Trial Ct. Order, 10/28/24. Two days later, the trial court vacated its October 28, 2024 order and entered a new order denying Appellant's post-trial motion and entering judgment on the September 25, 2024 verdict. *See* Trial Ct. Order, 10/30/24. In its October 30, 2024 order, the trial court concluded that Appellant had been properly served. *See id.* at 1 n.1. The trial court alternatively concluded that, even if service was defective, Appellant had waived this issue by failing to raise it in a preliminary objection, answer, or reply, and also waived it by his participation in the trial. *See id.* at 1 n.1.

Appellant filed a timely notice of appeal and both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following claims:

1. Did the trial court err by denying Appellant's post-trial motions by finding that both Plaintiff and Cross-Claimants had properly, and timely, served Appellant with the complaint, thereby giving the trial court jurisdiction to preside over the case?

2. Did the trial court err by denying Appellant's post-trial motions by failing to grant a continuance to Appellant on the day of trial, September 25, 2024, when he had only been served with the complaint and cross-claim for the first time on September 20, 2024, five days before trial?

Appellant's Brief at 3 (some formatting altered).

In both claims, Appellant argues that the trial court erred in denying his post-trial motion. *See id.* at 14-22. First, Appellant contends that the trial

court did not have personal jurisdiction over him because none of Plaintiff's attempts to serve him with the complaint were effective. *Id.* at 14-19. In support, Appellant relies on Pa.R.Civ.P. 402(a)(2), which provides that service of original process may be effectuated at a defendant's residence or place of business. *Id.* at 14-15. Appellant notes, however, that the March 25, 2024 affidavit of service stated that the complaint was given to a cashier at Property, and contends that this was not effective service because Property is neither his residence nor his place of business. *Id.* at 16-19. Appellant further argues that Cross-Claimants did not properly serve him with their answer and cross-claim because it was served by mail to a place that was neither his residence nor his place of business. *Id.* at 16. Therefore, Appellant concludes that he was "never properly served with any of the original process until [the complaint and cross-claim were] hand delivered to his wife on September 20, 2024, five days before trial[,]" and, accordingly, that the trial court "had no jurisdiction to assert over [] Appellant or his case." *Id.* at 19 (some formatting altered).

Appellant also argues that he has not "waived his right to contest jurisdiction" because a trial court's "subject matter jurisdiction over an action is a fundamental issue of law which may be raised at any time in the course of proceedings," and claims that he was not required to preserve this issue in

preliminary objections, an answer, or a reply before raising it in post-trial motions. *Id.* at 19-21 (citation omitted).[2]

Finally, Appellant argues that he should have been granted a continuance because "the trial court never had jurisdiction over [] Appellant and his case" as Appellant had not "previously been timely and properly served[]" or, in the alternative, because he had "only [been] served five days before trial[.]" *Id.* at 21 (some formatting altered).

The trial court concluded that Appellant waived his claims regarding defective service by failing to file preliminary objections and by participating

_____

[2] In Part II of the argument section of his brief, Appellant challenges the trial court's *in personam* or personal jurisdiction over him in this matter. *Id.* at 19-21. However, Appellant relies solely on a case that addresses the treatment of subject matter jurisdiction. *Id.* (citing *Commonwealth v. Locust Township*, 968 A.2d 1263, 1268-69 (Pa. 2009)). "Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction), so that the court's decision will bind them." *Bisher v. Lehigh Valley Health Network, Inc.*, 265 A.3d 383, 400 (Pa. 2021) (citation omitted). We conclude that Appellant's claim of defective service is a challenge to the trial court's personal jurisdiction over Appellant, not subject matter jurisdiction. *See Belliveau v. Phillips*, 207 A.3d 391, 395 (Pa. Super. 2019) (holding that, "[a]bsent valid service, a court lacks personal jurisdiction over a party and is powerless to enter judgment against him").

A challenge to personal jurisdiction may be waived. *See Encelewski v. Associated-Eastt Mortg. Co.*, 396 A.2d 717, 719 (Pa. Super. 1978) (stating that "the failure to raise the question of *in personam* jurisdiction [in preliminary objections] constitutes waiver of that defense" (citation omitted and some formatting altered)); *see also Bergere v. Bergere*, 527 A.2d 171, 173 (Pa. Super. 1987) (recognizing that in any civil complaint, a defendant "may file preliminary objections as a responsive pleading[]" and such "[p]reliminary objections are the exclusive means by which to raise the question of *in personam* jurisdiction and the failure to so raise the question of personal jurisdiction constitutes a waiver of that defense" (citation omitted)).

in the trial. **See** Trial Ct. Op., 11/19/24, at 4-5 (unpaginated); Trial Ct. Order, 10/29/24, at 1 n.1.

"The issue of waiver presents a question of law, and, as such, our standard of review is *de novo* and our scope of review is plenary." **Trigg v. Children's Hosp. of Pittsburgh of UPMC**, 229 A.3d 260, 269 (Pa. 2020) (citation omitted).

To preserve a claim that a trial court lacked personal jurisdiction over a defendant, "[d]efects in service of process must be raised in preliminary objections[]" and failure to raise such claims in preliminary objections constitutes waiver. **Cinque v. Asare**, 585 A.2d 490, 492 (Pa. Super. 1990) (holding that "[d]efects in service . . . must be addressed in preliminary objections [and a later] petition d[oes] not preserve the issue nor [] revoke the waiver of defects").

This Court has explained that:

> effective service of process is not the only means by which a court acquires *in personam* jurisdiction. Such jurisdiction also may be obtained through waiver or consent. Our courts have held that a defendant manifests the intent to submit to the court's jurisdiction when the defendant takes "some action (beyond merely entering a written appearance) going to the merits of the case, which evidences an intent to forego objection to the defective service."

**Sharpe v. McQuiller**, 206 A.3d 1179, 1184 (Pa. Super. 2019) (citations omitted); **see also id.** at 1186-87 (holding that the defendant waived her claim regarding defective service when "she participated in the merits of the litigation"). Specifically, this Court has found that a defendant 'participates in

the merits of litigation' by tendering "handwritten discovery responses bearing [the defendant's] signature," *Sharpe*, 206 A.3d at 1185; "filing an answer to [a] complaint[,]" *Cinque*, 585 A.2d at 491; or filing a notice of deposition, *Ball v. Barber*, 621 A.2d 156, 158 (Pa. Super. 1993).

Here, the record confirms that Appellant failed to file preliminary objections and that he participated in the merits of the litigation by testifying at trial and presenting argument, which "evidenced [his] intent to forego objection to [] defective service."  *See* N.T. Trial, 9/25/24, at 47-48, 51-53; *see also Sharpe*, 206 A.3d at 1184-87; *Cinque*, 585 A.2d at 491; *Ball*, 621 A.2d at 158.  Therefore, we agree with the trial court that Appellant waived his challenge to personal jurisdiction.  *See Sharpe*, 206 A.3d at 1184-87; *see also Trigg*, 229 A.3d 269; *Cinque*, 585 A.2d at 492.  For these reasons, Appellant is not entitled to relief.  Accordingly, we affirm the judgment entered in favor of Plaintiff and Cross-Claimants.

Judgment affirmed.  Jurisdiction relinquished.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 10/1/2025

- 8 -