J-S40005-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| KATHERINE HARRIGAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KIRSTEN FORSYTHE AND SCOTT | : | No. 523 MDA 2025 |
| MASSEY AND OM MEDICAL GROUP, | : | |
| P.C., T/A RED LION PAIN & PRIMARY | : | |
| CARE | : | |

Appeal from the Order Entered March 25, 2025
In the Court of Common Pleas of York County Civil Division at No(s):
2021-SU-00053

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY LAZARUS, P.J.:　　　　　　　**FILED: NOVEMBER 26, 2025**

Katherine Harrigan, Administratrix of the Estate of Joshua C. Bullock, Deceased (decedent), appeals from the order, entered in the Court of Common Pleas of York County, sustaining Appellee Kirsten Forsythe's[1] preliminary objections for lack of personal jurisdiction based on defective service in this wrongful death/medical malpractice case.[2]  **See** Pa.R.C.P.

---

[1] Although the trial court granted the preliminary objections of all the defendants (Appellees) below, including Scott Massey, MD, and OM Medical Group, P.C. (OM), t/a Red Lion Pain & Primary Care, the instant appeal only involves Defendant Forsythe.  Doctor Massey is a medical doctor who also worked at Red Lion.

[2] Although Harrigan also appeals from the trial court's April 2, 2025 order denying her motion to reconsider the court's March 25, 2025 order sustaining Defendants' preliminary objections, the appeal properly lies from the final order sustaining preliminary objections.  ***Cheathem v. Temple University***
*(Footnote Continued Next Page)*

1028(a)(1). After careful review, we find Harrigan has waived her claims on appeal. Thus, we affirm.

Harrigan was appointed administratrix of decedent's estate; decedent is Harrigan's son and was twenty-seven years old at the time of his death. In August 2018, Forsythe, a certified registered nurse practitioner (CRNP), worked at the Red Lion Pain & Primary Care Clinic (Red Lion Clinic) where she provided care to decedent, who was complaining of right knee pain. Forsythe diagnosed decedent with Osgood Schlater's disease, which included bone and ligament separation and a left medial tibial plateau fracture. Forsythe prescribed 5 mg tablets of Oxycodone, to be taken by mouth twice daily as needed for pain. Forsythe also prescribed decedent take one 10 mg Oxycontin tablet twice a day.[3]

In September 2018, Decedent returned to Red Lion Clinic where he was seen again by Forsythe. Forsythe commented that decedent was "healing well," noted decedent's orthopedic doctor did not find decedent to be a good candidate for right knee surgery, and substituted decedent's Oxycontin prescription for 25 mcg fentanyl transdermal patches to be taken every 48 hours. Forsythe also increased decedent's 5 mg oxycodone prescription from twice daily to four times a day. Over the next few months, decedent's

---

**Hosp.**, 743 A.2d 518, 521 (Pa. Super. 1999). Because Harrigan filed a notice of appeal within thirty days of the date of the court's order sustaining the preliminary objections, this appeal is timely. **See** Pa.R.A.P. 903(a).

[3] Oxycontin is a time-release version of oxycodone.

medication was adjusted several times. Each time there was a medication change, Forsythe submitted the change and Dr. Massey reviewed and agreed with the assessment.

> On January 8, 2019, "decedent's medication was changed to substitute Dilaudid for [o]xymorphone [5 mg two times] per day and the [f]entanyl prescription remained the same. This changed prescription kept decedent's opioid levels above 120 MME/day. The decedent died on January 16, 2019, eight days after his last visit to Red Lion [Clinic]. The cause of death was determined to be 'acute fentanyl toxicity."

Trial Court Opinion, 8/3/21, at 1-4.

On January 12, 2021, Harrigan filed a complaint raising negligence, professional liability, and wrongful death claims against Appellees. On February 2, 2021, Harrigan filed a motion for *pro hoc vice* admission of Ray M. Shepard, Esquire, as additional counsel. Three days later, the court granted Harrigan's motion; the certified record contains a notation that the York County Prothonotary's Office provided Pa.R.C.P. 236 notice of the order that same day. On April 15, 2021, Harrigan filed three notarized affidavits of service on Massey, Forsythe, and OM. With regard to Forsythe, Steven M. Silver, a process server, indicated he "served [process] upon Kirsten Forsythe P/K/A Kristen Forsythe . . . on the 11th day of April, 2021, at [] Plank Road, Stewartstown, Pennsylvania[,] 17363[,] at 11:45 a.m. [by] delivering and leaving with the person served[.]" Silver Affidavit of Service, 4/15/21, at 1 (unpaginated).

On April 28, 2021, Harrigan filed a praecipe to reinstate the original complaint. Less than three weeks later, Harrigan filed returns of service from

the sheriff, including one that stated the complaint was "personally handed . . . to a person representing themselves to be Appellee Forsythe at the Plank Road address[.]" **See** Sheriff's Return of Service, 5/17/21, at 1 (unpaginated). On May 11, 2021, Forsythe filed preliminary objections to Harrigan's complaint, alleging that Harrigan did not toll the statute of limitations on her action because she did not effectuate proper service where she continually failed to reinstate the complaint such that actual notice could be established.

On August 13, 2021, the trial court sustained Forsythe's preliminary objections and dismissed all claims against her, concluding that Harrigan: made no effort to serve the defendants within the time constraints of the rules; did not give a reason why she did not make any attempt to serve the defendants for several months; and, despite many difficult issues (including COVID-19), she was able to timely file the complaint, but not effectuate proper service. **See** Trial Court Opinion, 8/3/21, at 8-9. The court further stressed the fact that Harrigan's action failed to "result in actual notice" to defendants. **Id.** at 8. The court stated:

> [Harrigan] did absolutely nothing to serve [defendants as to the initial complaint until nearly three months later]. Therefore, it is impossible for [Harrigan] to argue that [her] attempts at service [were in good faith] when it is undisputed that [she] made no attempt at all to serve [defendants] with a copy of the [c]omplaint within the applicable time[-]period.[4]

_____

4 Harrigan filed the complaint on January 12, 2021, and the statute of limitations on her claims expired on January 16, 2021. Harrigan made no good faith attempt to serve the complaint on Forsythe until April 2021.

*Id.* at 8-9.

On October 29, 2021, Harrigan filed a notice of appeal from the trial court's August 3, 2021 order sustaining Forsythe's preliminary objections. In her Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, Harrigan raised the sole issue of the trial court's interpretation of *Gussom v. Teagle*, 247 A.3d 1046 (Pa. 2021), a case that addressed whether a plaintiff acted diligently in attempting to make a good-faith effort to effectuate service on the defendant. *Gussom* held that, regardless of whether notice of commencement of an action arises from a plaintiff's "action or inaction," the "critical inquiry is . . . whether [a defendant] received actual notice of the commencement of the action timely." Pa.R.A.P. 1925(b) Statement, 10/10/21, at 2, *citing Gussom*, *supra* at 1057-58.

On appeal, a divided Superior Court panel[5] reversed the trial court's order sustaining Forsythe's preliminary objections and remanded for further proceedings, concluding that Harrigan "provided actual, albeit defective, notice when she employed private process servers . . . to serve the complaints on the three Appellees [and that] it is undeniable that Appellees were put on notice of the impending lawsuit, and therefore, they endured no unfair

---

[5] President Judge Emeritus Correale F. Stevens filed a dissenting memorandum in *Forsythe* stating that he believed Harrigan did **not** make a good-faith effort to effectuate service of the complaint on Appellees, that she was "transparent" in her actions that stalled the judicial machinery, and that she "complete[ly] disregard[ed] the Rules of Civil Procedure." *Id.* at * 31-*32. Thus, P.J.E. Stevens concluded that the trial court properly dismissed the action due to Harrigan's inaction, followed by the defective service of the complaint. *Id.* at *42.

surprise or prejudice." ***Harrigan v. Forsythe***, 301 A.3d 941, *29 (Pa. Super. 2023) (Table).  Our Court further found that, under ***Gussom***, "it is obvious from the record that [Harrigan] met the burden [and produced evidence demonstrating she fulfilled her legal duty to make a good-faith effort to serve her complaint,] as evinced by the actual and operative notices, and that no further evidentiary support was needed to satisfy this burden." ***Id.*** at 30.

On October 9, 2023, Forsythe filed a petition for allowance of appeal seeking the Supreme Court's discretionary review of the matter, citing a conflict among Superior Court decisions and between the Superior Court and Commonwealth Court cases on the issue of service of process.  **See** Petition for Allowance of Appeal, 9/9/23, at ii-iii.  On June 5, 2024, the Supreme Court granted Forsythe's petition, vacated the trial court's decision, and remanded the matter "for reconsideration in light of [the Supreme] Court's decision in ***Ferraro v. Patterson-Erie Corp.***, [] 313 A.3d 987 [] (Pa. [] 2024)."  Per Curiam Order, 6/5/24.

Following remand, on March 21, 2025, the trial court entered an order sustaining Forsythe's preliminary objections for lack of personal jurisdiction and dismissing Harrigan's complaint.  Substantively, the court found that, based upon ***Ferraro***, Harrigan did not exercise reasonable diligence or make any "reasonable attempts [] at effectuating service in a timely manner and, thus, the court lacked personal jurisdiction over Defendant.  **See** Pa.R.A.P. 1925(a) Memorandum Opinion, 3/21/25, at 8-9.

On March 31, 2025, Harrigan filed a motion for reconsideration of the court's decision granting Forsythe's preliminary objections, raising, for the first time, the issue of Forsythe's waiver of the improper service of process issue due to her "utilizing the power of the court to subpoena medical and other records related to the merits of the litigation."[6]   Motion for Reconsideration, 3/31/25, at 6.   In her reconsideration motion, Harrigan argued that Forsythe's attorney, Michael E. McGilvery, Esquire, filed certificates to serve subpoenas on June 8, 2021 and June 30, 2021, and also issued four separate subpoenas to obtain decedent's records from doctors and other health care providers around this same timeframe of June 2021.[7]   On April 1, 2025, the court denied Harrigan's motion for reconsideration.

---

[6] Generally, courts acquire personal jurisdiction over a defendant by service of process.  **See** Pa.R.C.P. 402.  If a plaintiff is unable to serve the complaint within the period prescribed by the rules, the plaintiff may file a praecipe for the reissuance of the writ or reinstatement of the complaint in order to continue its validity.  **See** Pa.R.C.P. 401(b).  However,

> effective service of process is not the only means by which a court acquires in personam jurisdiction.  Such jurisdiction also may be obtained through waiver or consent.  Our courts have held that a defendant manifests the intent to submit to the court's jurisdiction when the defendant takes some action (beyond merely entering a written appearance) going to the merits of the case, which evidences an intent to forego objection to the defective service.

**Sharpe v. McQuiller**, 206 A.3d 1179, 1184 (Pa. Super. 2019) (internal quotations and citations omitted); **id.** at 1187 (defendant waived any objection to service of process by participating in discovery).

[7] Harrigan's motion for reconsideration only lists the date that the subpoenas were issued to two doctors.  She fails to list the date the other subpoenas were issued to the remaining providers and entities.

On April 17, 2025, Harrigan filed a notice of appeal from the trial court's order sustaining Forsythe's preliminary objections and from the trial court's order denying her motion for reconsideration. *See supra* at n.1. On May 12, 2025, Harrigan filed her Rule 1925(b) statement, raising the claim that Forsythe waived her objection to improper service and that the court made its decision "without consideration of [the waiver of service issue] and without a hearing or the presentation of any evidence." Pa.R.A.P. 1925(b) Statement, 5/12/25, at 2. Notably, Harrigan also stated that she "d[id] not intend to challenge the trial court's interpretation or application of *Ferraro* [] on appeal." *Id.* at 4.

On May 13, 2025, the trial court issued its Rule 1925(a) opinion, noting that the case had been remanded for "reconsideration in light of [] *Ferraro*" and that, "[i]n accordance with that directive, th[e c]ourt issued a supplemental [Rule 1925(a)] opinion[.]" Pa.R.A.P. 1925(a) Opinion, 5/13/25, at 1-2. The trial court found that Harrigan "now seeks to raise additional issues on appeal [that] were neither presented nor preserved during the initial appellate proceedings . . . and due to the untimely nature of the inclusion in the present appeal, th[e c]ourt respectfully requests that this [] appeal should be denied." *Id.* at 2.

On appeal, Harrigan presents the following issues for our review:

(1)  Whether [] Forsythe waived her objection to improper service and lack of personal jurisdiction by wielding the power of the court to issue subpoenas demanding third parties produce to her medical and other records relating to [decedent]?

- 8 -

> (2)     Whether [the trial court] was required to consider evidence on the issue of Forsythe's waiver of improper service and lack of personal jurisdiction where: (1) the defendant's preliminary objection was pursuant to Rule 1028(a)(1) (improper service); (b) [Harrigan] informed the trial court of evidence raising a factual dispute by way of plaintiff's [a]pplication to [s]upplement the [r]ecord filed in the trial court on March 21, 2022; (c) [Harrigan] raised the issue of [] Forsythe's waiver of her objection to lack of personal jurisdiction in the first appeal to this Court; (d) [the trial court] issued the instant [o]rder again granting defendant Forsythe's preliminary objections without a hearing and without allowing any additional briefing by the parties; and (e) the plaintiff filed a [m]otion for [r]econsideration expressly asking [the trial court] to consider the evidence attached thereto.

Appellant's Brief, at 5-6.

Before addressing the merits of Harrigan's issues, we must determine whether she has properly preserved those claims for review. Both the trial court and Forsythe assert that Harrigan has waived the issues on appeal by failing to raise them before the trial court prior to her first appeal from the grant of preliminary objections. We agree.

In the instant matter, the Supreme Court specifically directed the trial court to reconsider the matter in light of **Ferraro**, a case that the Court decided less than two months before it granted Forsythe's discretionary petition and one that was directly on point with the parties' service of process issue raised in Harrigan's direct appeal. Harrigan explicitly states in her Rule 1925(b) statement that she is not challenging the trial court's ruling on the matter in light of **Ferraro**. Rather, Harrigan limits this appeal to raising an entirely new issue—Forsythe's alleged waiver of the claim of improper service/lack of jurisdiction. The first time that Harrigan raised this claim in

this appeal was in her motion for reconsideration of the instant order filed on March 31, 2025, just shy of four years from the date that she filed her opposition to Forsythe's preliminary objections and over three and one-half years from the trial court's initial order sustaining Forsythe's preliminary objections.[8]

Moreover, the docket activity that Harrigan claims waives Forsythe's improper service argument occurred as early as May 2020 and as late as May-June 2021—still months *before* the trial court entered its order sustaining Forsythe's preliminary objections and dismissing Harrigan's complaint. Thus,

---

[8] On March 9, 2022, Harrigan filed an application to supplement the record on appeal in this Court in an effort to include the notices of intent to serve subpoenas for the decedent's medical records as well as a certificate prerequisite to service of the subpoena for each of the four subpoenas. Her application states that the evidence is material to an issue pending on appeal—namely, waiver of Forsythe's jurisdictional argument. **See** Application to Supplement Record in 1421 MDA 2021, 3/9/22, at 4. Our Court denied the application without prejudice for Harrigan to seek the relief requested in the trial court. **See** Per Curiam Order, 3/18/22. Harrigan then filed an application to supplement the record in the trial court twelve days later, on March 21, 2022. On April 6, 2022, the trial court denied Harrigan's application, noting that the court's review was "limited to . . . the averments of the pleading which faced objection. Notably, here there was an objection lodged as to proper service of original process. . . . The proposed addition of after[-]discovered evidence is not appropriate for appellate review, as it was not first raised before the trial court. **See** Pa.R.A.P. 302(a)." Order, 4/6/22.

Notably, Harrigan's Rule 1925(b) statement in the appeal at 1421 MDA 2021 failed to include the waiver argument; the only mention of the issue is in footnote 5 in her appellate brief. **See** Appellant's Brief, 3/9/22, at 14 n.5. Despite this procedural history, Harrigan has attached the application to supplement to the reproduced record in the current appeal. In any event, as we note above, the claimed docket activity giving rise to Harrigan's waiver claim occurred prior to the court deciding Forsythe's preliminary objections in August 2021.

Harrigan had the opportunity to raise the issue before the trial court ruled on the preliminary objections; her failure to do so results in waiver. **See** Pa.R.A.P. 302(a). **See also Murray v. Am. Lafrance, LLC**, 234 A.3d 782, 787-88 (Pa. Super. 2020) (en banc) (once defendant objects to lack of personal jurisdiction by filing preliminary objections, plaintiff has burden of proving personal jurisdiction; where plaintiff raises "fresh claim" or alternative basis for personal jurisdiction for first time on appeal, claim is waived). Alternatively, "where a case is remanded to resolve a limited issue, only matters related to the issue on remand may be appealed." **Commonwealth v. Lawson**, 789 A.2d 252, 253 (Pa. Super. 2001), citing **Commonwealth v. Jackson**, 765 A.2d 389 (Pa. Super. 2000). Thus, Harrigan is also estopped from raising a new claim at this juncture where the Supreme Court limited its remand order by directing the trial court to reconsider the service of process issue solely in light of the new holding in **Ferraro**.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/26/2025

- 11 -